WARREN F. TERRELL and JOHN TERRELL, Plaintiffs in Error, v. ANDREW COUNTY, Defendant in Error.

44 309
96 479

44 309
88a 298

1. *Evidence — County records — Notice imparted by — Clerical error.*—Under section 41, p. 364, R. C. 1855 (Gen. Stat. 1865, ch. 109, § 25), notice of the contents of instruments is held to be imparted, after filing, only where the contents are correctly spread on the record, and not otherwise. The act was never designed to impose on the purchaser the burden of entering into a long and laborious search into the original papers to find out whether the recorder had faithfully performed his duty. The obligation of giving the notice rests upon the party holding the title. If his duty is imperfectly performed, he must suffer the consequences, and not an innocent purchaser.

*Error to Fifth District Court.*

*Vories & Vories*, for plaintiffs in error.

I. Plaintiffs in error were only chargeable with notice of the mortgage to the extent of $200. (Lessee of Jennings v. Wood,

20 Ohio, 261; 1 U. S. Dig. 158, § 107; 1 Sup. U. S. Dig. 534, § 355; 2 U. S. Dig. 37, § 263; 8 Verm. 172.)

II. The recorder failed to record correctly the mortgage to the defendant, and not the mortgage to Terrell; and if an injury resulted thereby, the defendant was the party damnified, and should sue the recorder. (See above authorities.)

III. The effect of filing deeds is to give notice of what is put upon the record, and the statute merely fixes the time at which this notice shall commence.

*Strong & Chandler*, for defendants in error.

I. Plaintiffs had notice in law of the existence and amount secured by mortgage of Holt to Andrew county. (R. C. 1855, p. 364, § 41; Watts, 57; 24 Pick. 274; 2 Greenl. Cruise, 553–8; 2 Am. Law Reg. 4–11.) Equity presumes a mortgage to have been recorded properly. (1 Sto. Eq. § 64, *g*; 12 Ohio, 532.)

II. A deed is recorded in contemplation of law when filed for record. (R. C. 1855, p. 364, § 41; 10 Ala. 368; 1 Greenl. Cruise, 546; Beverly v. Ellis, 1 Rand. 102.) All subsequent purchasers and mortgagors shall be deemed, in law and equity, to purchase with notice. (R. C. 1855, p. 364, § 41; 9 Mo. 323–6; 14 Mo. 175.)

WAGNER, Judge, delivered the opinion of the court.

The argument in reference to the execution of the power contained in the mortgage, and the frauds between the Terrells in the purchase of the property at the mortgagee's sale, is beside and irrelevant to any issue in the case. If the facts alleged are true, they may have furnished sufficient reason for Holt, the mortgagor, to move to set aside the sale; but in the absence of any complaint on his part, the defendant can not make the objection for him. There is but one question in this case to be determined. It seems that Andrew county loaned to one Holt the sum of four hundred dollars belonging to the common-school fund, for the securing of which he gave personal security, and also executed a mortgage on a lot owned by him in the city of Savannah. The county duly deposited the deed for record with the recorder of the county, and

that officer, in recording the same, by mistake inserted two hundred dollars in the record instead of four hundred dollars, showing an encumbrance for the former instead of the latter sum. After the mortgage was recorded, Holt applied to one of the plaintiffs for a loan of money, and offered to secure him by mortgage liens on real estate, the lot mortgaged to the county being among the property. On examination, the record showed a mortgage for two hundred dollars; the money was loaned, and a junior mortgage given subject to the prior lien. Subsequently the county ordered the lot sold in default of payment, claiming the full amount of four hundred dollars, together with accrued interest. The plaintiff paid the two hundred dollars, with interest thereon, and proceeded to enjoin the collection of the remainder.

The Court of Common Pleas in Buchanan county, to which the cause was removed by change of venue, rendered judgment of perpetual injunction, and this judgment was reversed in the District Court.

The only question, therefore, is whether, under the law, the record imparted notice for any greater amount than two hundred dollars. It is not pretended that, at the time Terrell loaned the money and took his mortgage, he had any other notice of the county's claim than that disclosed by the record.

It is contended here on behalf of the county that, according to our statute, when a person files with the recorder an instrument, it imparts notice of its real contents to all subsequent purchasers, regardless of any mistake that the recorder may commit in placing it on record; that the statute provides that every instrument in writing, certified and recorded in the manner prescribed, shall, from the time of filing the same with the recorder for record, impart notice to all persons of the contents thereof; and all subsequent purchasers and mortgagees shall be deemed, in law and equity, to purchase with notice. (R. C. 1855, p. 364, § 41.)

According to the literal interpretation of the section, no notice is imparted till the instrument is actually placed on record, and then it relates back to the time of filing. It was, no doubt, the intention of the Legislature to give a person filing an instrument or conveyance all the benefit of his diligence; and when he deposits

the same with the recorder, and has it placed on file, he has done all that he can do, and has complied with the requirement of the law. From that time it will give full notice to all subsequent purchasers and encumbrancers.

A person, in the examination of titles, first searches the records; and if he finds nothing there, he looks to see if any instruments are filed and not recorded. If nothing is found, and he has no actual notice, so far as he is concerned the land is unencumbered. If he finds a conveyance, he goes no further; he never institutes an inquiry to find whether the deed is correctly recorded or the contents literally transcribed. Indeed, to attempt to prosecute such a search would be idle and nugatory. Grantees do not usually leave their deeds lying in the recorder's office for the inspection of the public. After they are recorded, they take them out and keep them in their possession. In a large majority of cases it would not only entail expense and trouble, but it would be useless, to attempt to get access to the original papers.

Hard and uncertain would be the fate of subsequent purchasers if they could not rely upon the records, but must be under the necessity, before they act, of tracing up the original deed to see that it is correctly recorded. The statute says that when the deed is certified and recorded it shall impart notice of the contents from the time of filing. Certainly; but this is to be understood in the sense that the deed is rightly recorded, and the contents correctly spread upon the record. It never was intended to impose upon the purchaser the burden of entering into a long and laborious search to find out whether the recorder had faithfully performed his duty. The obligation of giving the notice rests on the party holding the title. If he fails in his duty, he must suffer the consequences. If his duty is but imperfectly performed, he can not claim all the advantages and lay the fault at the door of an innocent purchaser.

But it is said the recorder is required to give bond for the faithful performance of all the duties enjoined on him by law, and that this is for the benefit of the subsequent purchaser who is injured by his dereliction, and that he must pursue his remedy against the recorder. This bond is for the benefit of any and every

person who may suffer injury by reason of the recorder's neglect to faithfully discharge the duties of his office. It was not Terrell, in this case, who was injured; it was Andrew county. The county deposited the deeds with the recorder, and paid him for recording it. Through his negligence and inattention he did his work inaccurately, so that it imparted notice for only half the consideration, and the county suffered loss and injury in consequence thereof. The privity springs and exists between the county and the recorder, and the county is the proper party to proceed against him to recover the loss.

The judgment of the District Court must be reversed. The other judges concur.