SARAH P. BUTLER *vs.* TRUSTEES OF FIRST PRESBYTERIAN
CHURCH OF MINNEAPOLIS and others.

December 1, 1880.

**Devise—Erroneous Description of Property rejected.**—A testator devised to his widow "the house where we now live, with the grounds connected therewith, being lots 1, 2, and 3, and two-thirds of lot 4, in block 225, situate at the junction of Eighth and Helen streets, in the city of Minneapolis." The lots mentioned were not situated at the junction of Eighth and Helen streets, but at the junction of Eighth and Minnetonka streets. Those lots would take only a part of the house, which was situated on lots 4 and 5, at the junction of Eighth and Helen streets. The testator did not own lot 1, and had conveyed (subject to a condition of forfeiture, as is claimed,) the one-third of lot 2 next lot 1, but did own lots 3, 4, and 5, and the two-thirds of lot 2 next lot 3. *Held,* that the description by the numbers of the lots was a mistake, and must be rejected.

Appeal by plaintiff from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial.

*Woods & Babcock,* for appellant.

*Lochren, McNair & Gilfillan,* for respondents.

GILFILLAN, C. J.  The description of the property devised in the will of her husband, under which plaintiff claims, is as follows: "The house in which we now reside, with the grounds connected therewith, being lots 1, 2, 3, and two-thirds of lot 4, in block 225, situate at the junction of Eighth and Helen streets, in said city of Minneapolis." A part of this description is a mistake. Thus, taking the description, "being lots 1, 2, and 3, and two-thirds of lot 4," as the description intended, it is not true that the property is situate at the junction of Eighth and Helen streets, but it is situate at the junction of Eighth and Minnetonka streets; and it is not true that the house is included, for the house is situate on lots 4 and 5, which is at the junction of Eighth and Helen streets; and the description by the number of the lots would take only a portion of the rear part of it, but would not take any of what appears to be the front and main part of the

house. Which is the true description of the property intended to pass—that as "the house in which we now reside, with the grounds connected therewith, situate at the junction of Eighth and Helen streets," or that as "lots 1, 2, and 3, and two-thirds of lot 4?" Which elements of description are to be rejected as mistaken?

As to this there can be little doubt. In the first place, it is apparent the devisor intended to leave to his widow the homestead, consisting of the house and grounds connected with it. He could hardly have been mistaken when he expressed that intention. But it is easy to see how he might mistake as to the numbers of the lots connected with the house. Without the plat before him, he might be mistaken as to which way the numbers of the lots 1, 2, 3, etc., ran,—whether from Helen towards Minnetonka street, or the reverse; and in this is the mistake which he evidently made. No reason can be conceived for his dividing the house by a line running through the rear part of it, and giving to his widow only the rear instead of the whole of it. Besides, it appears that the devisor owned lots 3, 4, and 5, and the two-thirds of lot 2 lying on the side towards the house, but did not own lot 1, and had conveyed, with a condition for forfeiture, (as plaintiff claims,) the other third of lot 2. As between two inconsistent descriptions, one of which covers land that he owns, and the other of which includes land that he does not own, if there be nothing else to determine which is the true one, it must be presumed that a grantor intends the former and not the latter. The description of the lands connected with the house as lots 1, 2, 3, etc., is a manifest mistake, and must be rejected. Plaintiff, therefore, has no title to the land in question in this action.

Order affirmed.