46   83|
73   479|

## Washington G. Wiley v. George Lovely.

| 46      83|
|150   ¹221|

*Misdescription in deeds—Identification of premises by parol evidence—
Absence of findings—Mistrial—Assessment of damages.*

A conveyance is not invalidated by the fact that the plat of land referred to in the description is not recorded or that so much of the description as refers to the plat is incorrect ; the land may be identified by parol evidence.

A deed described the land conveyed as lot 77 of the original plat of the village as recorded. The original plat only contained twenty-nine lots, and another plat, which was not so executed as to entitle it to record, incorrectly designated the land referred to as lot 78. Still another plat, which was not recorded, contained the lot, and it was shown that it had been held, taxed and dealt with for more than twenty-five years as lot 77. *Held* that the error in description did not invalidate the conveyance.

Judgment cannot be rendered on an alleged state of facts which has not been found, nor be given for damages if there is no finding of damage set forth in the record.

Where findings in favor of the plaintiff on all points presented could not have established his right to a judgment, the case cannot be treated as one of mistrial for refusal to find on some of them.

The Supreme Court cannot in a case at law proceed to ascertain and assess the damages involved, no matter how well established may be their measure.

Error to Livingston. Submitted Apr. 13. Decided Apr. 27.

ASSUMPSIT for breach of covenant.   Plaintiff brings error.
Affirmed.

*John C. Shields* and *M. V. & R. A. Montgomery* for
plaintiff in error.

*Waddell & Montague* for defendant in error.   Any descrip-
tion in a deed is sufficient if it identifies the premises:
*Goodenow v. Curtis* 18 Mich. 305 ; *Twogood v. Hoyt* 42 Mich.
609 ; it may be aided by extrinsic evidence : 1 Greenl. Ev.
§§ 286-7, n. 2 ; *Woods v. Sawin* 4 Gray 322 ; *Johnstone v. Scott*
11 Mich. 239 ; *Noonan v. Lee* 2 Black 499 ; *Atkinson's lessee
v. Cummings* 9 How. 486 ; *Gilman v. Riopelle* 18 Mich. 164 ;
*Anderson v. Baughman* 7 Mich. 75 ; *Ives v. Kimball* 1 Mich.
311 ; an appellate court must accept a finding as it is, and
cannot amend it : *Sweetzer v. Mead* 5 Mich. 33, 109 ; *Scrib-
ner v. Gay* id. 513 ; *Peabody v. McAvoy* 23 Mich. 527.

GRAVES, J.   Wiley, as assignee of the right of action,
sued for an alleged breach of the covenant of seizin con-
tained in a deed given by Lovely to one Charles M. Shel-
don September 4, 1877.

The cause was tried without a jury and the circuit judge
found for the defendant.   The deed set forth the property
as being "all that certain piece or parcel of land lying and
being in the village of Fowlerville, county of Livingston and
State of Michigan, and more particularly known and described
as follows, to-wit : village lot number seventy-seven (77) of
the original plat of the village of Fowlerville, as duly laid
out, platted, and recorded in the office of the register of
deeds for said county of Livingston."

The first plat of the village, which is of record, only
designates twenty-nine lots and they are marked from one
to twenty-nine.   It therefore contains no lot numbered
seventy-seven.   Another plat is found in the record but it
seems not to have been so executed as to entitle it to be
recorded.   This plat appears to have contained the lot under

the designation of lot seventy-seven, but the register in transcribing it marked it by mistake as seventy-eight and hence his copy represents two adjoining lots as respectively lot seventy-eight. It therefore appears that the record of plats discloses no lot numbered seventy-seven, and on the strength of this fact the action is prosecuted.

The theory is that as the lawful record contains no lot seventy-seven the property the defendant assumed to convey never had any existence. But it is only necessary to glance at the further facts in the record to see that this view is wholly untenable. The case shows that another plat which has not been recorded does contain this lot, and that for more than twenty-five years the specific piece of ground has been held, taxed, recognized, known and dealt with as lot seventy-seven.

The grant was not impaired by the omission to record the plat, and it was competent to identify the parcel by parol evidence: *Johnstone v. Scott* 11 Mich. 232; *Noonan v. Lee* 2 Black 500. It is often necessary to resort to such evidence for the purpose of applying the deed to the subject-matter. That part of the description which speaks of the registry of the plat, and is found incorrect, may be rejected without any detriment: *Johnstone v. Scott*, supra; *Slater v. Breese* 36 Mich. 77; *Jackson v. Clark* 7 Johns. 217; *Eggleston v. Bradford* 10 Ohio 312; *Noonan v. Lee*, supra; *Butler v. Trustees First Presb. Church of Minneapolis* 27 Minn. 355; *Doe ex dem. Smith v. Galloway* 5 B. & Ad. 43; *Doe ex dem. Roberts v. Parry* 13 M. & W. 356. Enough is left to satisfy all legal requirements: *Goodenow v. Curtis* 18 Mich. 298; *Sargent v. Adams* 3 Gray 72; *Gerrish v. Towne* id. 82; *Woods v. Sawin* 4 Gray 322; *Doe ex dem. Roberts v. Parry*, supra; *Jones v. Smith* 73 N. Y. 205; *Schlief v. Hart* 29 Ohio St. 150. The description was irregular but there was no lack of subject-matter. Nothing was required which an interpretation and application according to the rules of law would not supply.

But another view is urged. It is contended that defendant's grantor derived title through an execution sale against

one Tucker, and that this sale was void on the ground that the premises were Tucker's homestead. Whatever may be the truth concerning these facts it is sufficient that they are not found. Moreover there is no finding of damage. It is obvious that the record affords no foundation for a judgment in the plaintiff's favor. See *Shelden v. Dutcher* 35 Mich. 10; *Burdick v. Chamberlain* 38 Mich. 610, and many other cases.

May the case be dealt with as a mistrial? A further finding was asked on three points: (1) Whether a patent covering the premises had been issued by the United States, and if so at what time and to whom? (2) What title defendant claimed and assumed to hold at the time of his deed to Sheldon, and whether he had or claimed any other than was obtained by means of the execution sale against Tucker. (3) Whether during the proceedings by execution the lot was not Tucker's homestead. No further finding was claimed.

The circuit judge denied the application and refused to find on either point, and the plaintiff's counsel excepted. The record contains a bill of exceptions which purports to set forth all the evidence. But it is needless to inquire whether the showing was such as to make it the judge's duty as trier of the facts to make express findings on these questions, and it is also useless to consider whether the case was fairly susceptible of findings on these subjects and under these requests, which would have shown, with the other facts, the breach of covenant complained of. Had the judge fully complied with these requests and made findings on all the matters suggested and had such findings been in favor of the plaintiff in their utmost extent, yet there would have been no basis for a judgment in his favor. This court could not have proceeded to ascertain and assess the damage however well fixed the measure may be.

The plaintiff's brief contains a statement that "it is agreed that if the plaintiff recovers he shall recover $500 and interest from September 4, 1877." This is no groundwork for a judgment. The materials for constructing a judgment

must appear in the record, and they must be such as to generate the legal conclusion which constitutes the result. They are not to be collected from tradition or the argument of counsel. Had the finding conformed to the plaintiff's requests the result must have been the same, because the state of facts even then would not have supported a judgment in his favor. There seems to be no room therefore for regarding the proceeding as a mistrial. Moreover the plaintiff does not ask it.

The judgment must stand affirmed with costs.

The other Justices concurred.