John Dwight v. Eliza J. Tyler, Frank S. Packard et al.

*Correction of description in mortgage.*

Where a grantee under a defective description has taken possession of the land actually meant to be conveyed and improved it, a court will be justified as between him and his grantor in correcting the description in a bill filed by him for that purpose.

Land that had been conveyed under an incorrect description was afterwards mortgaged by the grantee under the same description to different persons at different times. One of the later mortgagees had the description corrected by decree, and foreclosed and the land was sold to a stranger. *Held* that the latter was bound by what the records disclosed as to the title under which he purchased, and could not defend, on the ground of being a *bona fide* purchaser, against a bill filed by a prior mortgagee to correct the description in his mortgage also.

A deed should not be held void for uncertainty unless all means to sustain it have failed.

Where a deed contains a wrong description but the land can be precisely identified by inquiry based on the land-marks referred to, the title held by the grantor is not merely equitable but legal, and may be encumbered as such.

Appeal from St. Joseph. Submitted Jan. 5. Decided January 10.

Bill to correct description in mortgage and to foreclose. Defendant Packard appeals. Affirmed.

*William H. Compton* and *Loveridge & Barlow* for complainant. Where the description in a deed is wrong but there are descriptive signs identifying the premises, the record is notice: *Anderson v. Baughman* 7 Mich. 77; and unnecessary words may be rejected as surplusage: *Jackson v. Marsh* 6 Cow. 282; *Worthington v. Hylyer* 4 Mass. 196; *Loomis v. Jackson* 19 Johns. 452; *Cooper v. Bigly* 13 Mich. 476; a subsequent purchaser is chargeable with notice of what appears in his claim of title: *Worrell v. Exchange*

*Bank* 48 N. Y. 326 ; *Baker v. Mather* 25 Mich. 51 ; Wade. on Notice § 313 ; 23 Am. Dec. 47, note.

*L. T. N. Wilson* and *T. C. Carpenter* for defendants.

MARSTON, J.   Complainant comes into court and asks to have the description of certain lands as set forth in a mortgage corrected and then to foreclose the same.   The defendant Packard claims to be a subsequent *bona fide* purchaser of the premises according to the correct description.

A correct description of the premises is as follows: "Commencing at the north-west corner of land owned by Joseph Watson, on the south-west quarter *of the south-east quarter* of section twenty-three, in township number seven south, of range nine west ; " thence, etc.

The words italicized in the above description were omitted in describing the premises in the mortgage; in all other respects the description was correct.   Watson did not own any lands in the south-west quarter, but did in the south-west ¼ of the south-east quarter.

The mortgagor, as grantee under a like defective description, had taken possession of and made valuable improvements upon the premises intended to be conveyed.

In view of such facts there could be no doubt that as between the parties the court would be justified in correcting the description as prayed.   *Slater v. Breese* 36 Mich. 77 ; *Crooks v. Whitford* 47 Mich. 283.

The defendant claims to be a *bona fide* purchaser.   He insists that it appears upon the face of the bill that the mortgage therein mentioned is merely an equitable lien upon an equity, because in the conveyance to Eliza J. Tyler, the mortgagor, there occurred as stated the same defect, therefore, at best she had not the legal, but only an equitable title to the premises in dispute, and that an equitable title is not within the registry law and that the record thereof should not be notice to him.

Admitting for the present the position taken to be correct, yet it may admit of some question whether the facts will warrant any such assumption.   Even if the description

contained in the mortgage was correct, yet the record thereof would not of itself point out or designate clearly the lands. Farther inquiry would be necessary. The lands under either description commenced at the north-west corner of land owned by Joseph Watson. An intending purchaser upon going to the premises after an inspection of the defective record would at once ascertain that Joseph Watson did not own any land on the south-west quarter of section twenty-three, and on attempting to inspect the premises would ascertain that Joseph Watson did own lands in the south-west quarter of the south-east quarter of that section. That part of the description reading "Commencing at the north-west corner of land owned by Joseph Watson," is vital and cannot be rejected. If it is rejected, then no starting-point remains and the deed would be void for uncertainty, a result to be reached only when all other means have been resorted to to sustain the deed and failed. We must therefore take the defective description, and, applying it in connection with the premises of Joseph Watson, no difficulty is experienced. In other words, as said in the case referred to, "The land-marks given in the mortgage, and the facts found on the ground, conclusively identify the property," and subsequent purchasers are bound by the information which such an investigation would have given them. The title therefore was not equitable but legal.

There is however another answer to the position of the defendant. The mortgage in question was given in 1871. In 1878 Eliza J. Tyler, the mortgagor, mortgaged the premises to Henry W. King, and in this instrument the same words were omitted in describing the property. By a decree of court the description in this King mortgage was corrected, and the premises ordered sold, and at the sale defendant Packard became the purchaser. Had he then examined the record title under which he purchased he would have had full notice of the claim of complainant. Whether he did or not he is bound with notice of what the record discloses.

The decree below must be affirmed with costs.

The other Justices concurred.