ROBERT STEAD v. ANTHONY GROSFIELD AND PETER
SCHULTE.

<table>
<tr><td>67</td><td>289</td></tr>
<tr><td>73</td><td>479</td></tr>
</table>

*Deed—Description—Recording laws—Good-faith purchaser.*

1. The conveyances under which defendants sought to show title
were held void for want of a sufficient and certain description of
the premises, and the judgment in favor of plaintiff was
affirmed.

2. A mortgagee, in order to protect himself in making examination
of the records (the land being vacant), need only make search in
the records of such conveyances as the mortgagor has given, and
those under whom he claimed, and cannot be affected by any
adverse claims not appearing in those instruments.

Error to Wayne. (Speed, J.) Argued July 7, 1887.
Decided October 20, 1887.

Ejectment. Defendants bring error. Affirmed. The
facts are stated in the opinion.

*William Look* (*Edgar Weeks*, of counsel), for appellants.
*Harry F. Chipman*, for plaintiff.

SHERWOOD, J. The plaintiff brings ejectment to recover
lot No. 9, in block 1, of Joseph Bushey's subdivision of pri-
vate claim No. 171, Livernois farm, in the township of Spring-
wells, in the county of Wayne, according to the plat of said
subdivision, recorded in the office of the register of deeds in
said county in Liber 2 of Plats, on page 9, and now included
within the city of Detroit.

Plea, general issue.

The plaintiff claims title in fee; for the purpose of show-
ing which he offered in evidence a mortgage from Joseph
Bushey, the common grantor, to Mary E. Sage, dated July 2,
1875, the description in which was as follows:

" All the following described pieces or parcels of land, lying and being in the township of Springwells, Wayne county, Michigan, known and described as lots three, four, five, six, seven, eight, and nine, in block 1; also lot number six, in block two,—all in Joseph Bushey's subdivision of private claim one hundred and seventy-one, Livernois farm.''

The plaintiff then offered in evidence the deed on foreclosure of said mortgage from the sheriff of said county to Mary E. Sage, covering same property.

The plaintiff next offered the proceedings in probate court of said county, whereby the will of Mary E. Sage, deceased, was probated, and under which Michael J. Sage took title to the land in question.

Plaintiff further offered a deed from Michael J. Sage to Robert Stead, the plaintiff dated February 21, 1881.

It was admitted the defendants were in possession, claiming as owners, at the time this suit was commenced, and the plaintiff then rested his case.

The defendants, to maintain their defense, offered in evidence a mortgage from Joseph Bushey and wife to Michael Darmstadter, dated February 17, 1873, for $500, on lots numbered 9, 13, 14, 15, 16, 17, and 18, of Joseph Bushey's subdivision of private claim No. 171, in Springwells, Wayne county, Michigan, recorded the seventeenth day of February, 1873, and claiming to cover the lot in suit.

Defendants next offered in evidence the sheriff's deed on the foreclosure of said mortgage, dated January 2, 1878, and which contains the same description as does the mortgage. The deed recites, among other things, "that a notice was duly published that the said premises in said indenture of mortgage therein contained would be sold;" etc.; and further recites:

" And whereas, in pursuance of said notice, I did expose for sale at public vendue the lands and tenements hereinafter particularly described, and on such sale did strike off and sell said land to Michael Darmstadter."

Defendants then offered in evidence a quit-claim deed from Joseph Bushey, and wife, dated January 23, 1879, to Michael Darmstadter, defendants' grantor on foreclosure, in which deed there is a recital as follows:

"Lots numbered nine (9), thirteen (13), fourteen (14), fifteen (15), sixteen (16), seventeen (17), and eighteen (18), of Joseph Bushey's subdivision of block one (1), of part of private claim numbered one hundred and seventy-one (171), confirmed to Joseph Livernois, Jr., according to the recorded plat thereof, recorded in Book two (2), of plats, on page nine (9), Wayne County Records.

"This deed is for the purpose of rectifying a clerical error made in a certain mortgage given by the parties of the first part to the party of the second part hereto, and recorded in Liber 95 of Mortgages, page 140, Wayne County Records, wherein the words 'in block number one (1),' were omitted in the sheriff's deed under foreclosure and sale of said lots."

The defendants also offered in evidence other testimony to complete, as they claim, the title under the mortgage, first offered by them, from Bushey to Darmstadter.

Defendants then offered a deed from Joseph Bushey and wife to one Scharmweber, dated March 13, 1871, duly recorded March 14, 1871, of lot 9, in block 3, of Bushey's subdivision of private claim 171, in accordance with Bushey's subdivision, recorded in Liber 2, page 9, Wayne County Records.

The plat referred to was then offered in evidence by defendants, being a plat of Joseph Bushey's subdivision of blocks Nos. 1, 2, and 3, made January 6, 1871.

Defendants next offered in evidence a deed from Joseph Bushey and wife to John Mehl, dated April 4, 1873, and recorded the same day,—

"Covering lot nine, in block two, Bushey's subdivision of private claim 171."

Defendants then offered—

" A plat of Joseph Bushey's subdivision of part of private claim 171, made August 13, 1872, of blocks A, B, C, and D, recorded in Liber 2, page 6, of Plats."

A deed was then offered by the defendants from Joseph Bushey and wife to Don M. Dickinson, dated September 26, 1872, which was duly recorded the same day, covering lot 9, block D, Bushey's subdivision, part of private claim 171.

The following are copies of the two plats referred to:

## · JOS. BUSHEY'S

Subdivision of P. C. No. 171

January 6, 1871.

Recorded Book 2, Plats, Page 9.

## JOS. BUSHEY'S

Subdivision of P. C. No. 171

August 18, 1872.

Recorded Book 2, Page 6.

*Conveyed to Scharmweber, March 13, 1871.

†Conveyed to Mehl, April 4, 1878.

‡Conveyed to Dickinson, September 26, 1872.

The defendants called one witness, who testified, in substance, that the mortgage from Bushey to Darmstadter, under which defendants claim title through foreclosure, was drawn by him, and executed in his presence; that this mortgage was given for the purpose of taking up a mortgage on the same property, given by Joseph Bushey, in 1871, to one Joseph Schmidts, on the same identical property, lot 9, in block 1.

Witness also testified that he drew the deed subsequently made on January 23, 1879, from Bushey to Darmstadter, to correct the omission in the description in the mortgage.

It was admitted by the defendants that, at the time both mortgages were made, and up to 1884, the property was vacant; that then the defendants purchased and erected a building, and laid a sidewalk; and with this testimony the case was closed by the circuit judge directing a verdict for the plaintiff.

In disposing of the case the court said:

" The court is of the opinion that the defendants' conveyances from Bushey to Darmstadter, and from the sheriff to Darmstadter, are void for want of a sufficient and certain description of the premises. It is apparent on the face of the instrument, in connection with the plat referred to therein, that the particular lot conveyed cannot be ident fi.d; tha·, while defendants may have an equitable title, such equitable title cannot be set up in this action as a defense, and the jury is directed to render a verdict for the plaintiff."

Whether or not the defendants have an equitable title we are not on this record prepared to decide, but the direction given to the jury was clearly right, and upon the grounds stated by the circuit judge. Nothing is claimed for the quitclaim deed to Darmstadter from Bushey and wife on the twenty-third of January, 1879.

Darmstadter received his mortgage from Bushey on the seventeenth day of February, 1873. Lot 9 in block 1 was then vacant, and the mortgage did not describe the lot; neither did the mortgage, nor the record thereof, contain

anything indicating that lot 9 in block 1 was intended to be covered by that instrument.

On the second day of July, 1875, Bushey and wife executed the mortgage to Mary E. Sage, describing lot 9 in block 1 perfectly. The lot at this time was still vacant, nothing appearing upon, around, or about the premises indicating any other ownership. And it is not pretended that Mary E. Sage, at the time she took her mortgage, had any other notice of the Darmstadter claim than such as appeared upon record. And in order to protect herself, in making examination of the record, she had only to make search in the records of such conveyances as her mortgagor had given, and those under whom he claimed, and she could not be affected by any adverse claims not appearing in those instruments. If this were not so, our recording law, so far as notice is concerned, would prove a snare, instead of a protection to innocent parties.

Mary E. Sage was not concerned in, and had no interests to look after in, any of the lots or blocks in Bushey's plats in the city of Detroit, except the one the mortgage covered, and she had no occasion to make examination of the records concerning the title to the other property.

This is not a question between grantor and grantee, but between purchasers, and resting upon notice, or the want of it, as regulated under our recording laws.

The defendants' claim, even as against their grantor, is but an equitable one, and all the testimony in the case received of conveyances in which the plaintiff's lot was not included was immaterial and irrelevant.

The deed under the foreclosure of the Darmstadter mortgage should have been excluded, because of the insufficiency of the description, and, of course, all conveyances based upon its sufficiency were erroneously admitted.

The judgment of the circuit court must be affirmed.

The other Justices concurred.