73 473
106 260

JOSEPH SCHWEISS AND LOUISE SCHWEISS v. ARIE
WOODRUFF.

*Deed—Description—Reference to defective plat—Recording laws—
Good-faith purchaser—Notice.*

1. A sale by the proprietor, of land according to a plat which is defective under the statute authorizing the recording of town plats, is good and effectual to convey land embraced in such plat.

2. Where a land-owner platted a designated parcel of land into lots and blocks, bounded by streets and avenues, the lots being numbered progressively, beginning with the number 1 in each block, but by an oversight the *blocks* were not designated, either by number or otherwise, and the plat was recorded in the proper office, and on the same day he executed a warranty deed to a purchaser of a parcel of land described as being in the designated government description, and as block No. 6 on said recorded plat, said deed was effectual to convey the block known and called block six, and parol testimony is admissable to identify said block six upon the plat and upon the ground, and a subsequent purchaser, who procured an abstract of title disclosing such conveyance, is bound to inquire as to its extent, and where the grantee claims the particular parcel called for in her deed was located.

3. The following propositions are summarized from the opinion of Mr. Justice CHAMPLIN:

*a*—"Constructive notice is a legal inference from established facts, and, when the facts are not controverted, the question is one for the court." *Claflin v. Lenheim,* 66 N. Y. 306.

*b*—It is the duty of a purchaser of real estate to investigate the title of his vendor, and to take notice of any adverse rights or equities of third persons which he has the means of discerning, and as to which he is put on inquiry. If he makes all the inquiry which due diligence requires, and still fails to discover the outstanding right, he is excused, but, if he fails to use due diligence, he is chargeable, as matter of law, with notice of facts which the inquiry would have disclosed.

*c*—There are cases where a subsequent purchaser has a right to rely upon the face of the record, and is not bound to make inquiry outside of what the records disclose. Such are errors

in recording when the record contains a wrong description of the land conveyed, or a wrong name of the grantor, or a wrong amount as secured in a mortgage. But the rule does not extend to imperfect or indefinite descriptions in the premises conveyed. The question in such cases is whether the record contains sufficient to apprise a party that some right or title is claimed or attempted to be conveyed in the premises, and, if it does, the purchaser is bound to use reasonable diligence to ascertain what it is that is so claimed or attempted to be conveyed.

Error to Wayne. (Speed, J.) Argued January 17, 1889. Decided January 25, 1889.

Ejectment. Defendant brings error. Reversed. The facts are stated in the opinion.

*George W. Coomer* and *Atkinson & Wiest,* for appellant.

*Harry F. Chipman (William Look,* of counsel), for plaintiffs.

[The points of counsel are stated in the opinion.— REPORTER.]

CHAMPLIN, J.    This action is ejectment for a parcel of land described in the declaration as a part or parcel of the S. ½ of the S. E. ¼ of section 20, town 3 S., of range 11 E., and east of the Detroit, Monroe & Toledo Lake Shore or Canada Southern Railroad, and more particularly described as bounded on the west by said railroad; on the east by what is designated as "Fifth Street" on a plat dated June 4, 1873, and recorded in liber 2, p. 30, of Plats, Wayne County Records; on the north by the north line of the premises as set forth in said plat; and on the south by Woodruff avenue or road, as designated on said plat.

Both parties claim title from a common source, namely, from Alexander H. Woodruff, who in 1873 was the owner and in possession of the S. ½ of the S. E. fractional ¼,

and the S. ½ of the S. W. fractional ¼, of section 20, in town 3 S., range 11 E. June 4, 1873, John F. Monro, a surveyor, prepared a plat for Mr. Alexander H. Woodruff of the south-easterly part of the S. E. ¼, and subdivided it into lots and blocks, bounded by streets and avenues, the lots being numbered with progressive numbers, beginning with the number 1 in each block; which plat was duly acknowledged and placed of record by the proprietor. Upon the plat so recorded, by some oversight, the blocks were not designated, either by numbers or otherwise, but it described the land covered by the plat. Another plat was prepared by the surveyor at the same time, and delivered to Mr. Woodruff, which was a duplicate of the one recorded, with the exception that upon this plat the numbers of the blocks were numbered in progressive numbers.

The original plat was recorded in the office of the register of deeds of Wayne county, in liber 2, p. 30, of Plats, on June 4, 1873. On the same day said Alexander H. Woodruff executed a warranty deed, and duly acknowledged the same, to Helen R. Gowman, of certain premises described as—

" All that certain lot or parcel of land situated, lying, and being in subdivision of the south-easterly part of south-east quarter of sec. 20, town of Ecorse, county of Wayne, State of Michigan, known and described as ' Block Number Six,' according to a certain plat made and surveyed by John F. Munro, and recorded in the office of the register of deeds in and for said county of Wayne on June 4, 1873, in liber 2 of Plats, on page 30."

On September 1, 1885, Helen R. Gowman conveyed by warranty deed the same premises to the defendant, Arie Woodruff, who went into possession thereof. The deed of Helen R. Gowman was duly recorded in Wayne county before the conveyance, hereinafter named, from Carrie E. Loranger to plaintiffs.

Alexander H. Woodruff died February 13, 1883, leaving a last will and testament, the date of which is not given in the record. In and by this will he devised to his daughter Carrie D. Woodruff that part of the lands above described, on section 20, which lay east of the Toledo, Canada Southern & Detroit Railroad, except 20 acres devised to his daughter Avis Eliza Woodruff. The devise to Carrie embraced the land platted, or a portion thereof, including block 6, conveyed to Helen R. Gowman. Carrie E. Woodruff afterwards married a Mr. Loranger.

On or about June 30, 1885, Carrie E. Loranger conveyed the premises devised to her to the plaintiffs in this suit. Before purchasing, the plaintiffs procured an abstract of title as it appeared of record in Wayne county register's office, and such abstract showed the conveyance of block 6 from Alexander H. Woodruff to Helen R. Gowman. No one was in the actual possession of the land at the time the plaintiffs purchased, and no streets or lots were fenced or improved. No actual notice was shown to have been received by the plaintiffs of Helen R. Gowman's claim, and plaintiffs made no inquiry to ascertain what it was, or what land block 6 covered. They knew Mrs. Helen R. Gowman, but made no effort to see her. Under the directions of the court the jury rendered a verdict in favor of the plaintiffs, and judgment was entered thereon.

The only question is whether the record of the plat, and the record of the deed to Helen R. Gowman, were any notice to plaintiffs of Helen R. Gowman's title. The plat was defective. A sale, however, by the proprietor, of land according to a plat which is defective under the statute authorizing the recording of town plats, is good and effectual to convey land embraced in such plat. As between Alexander H. Woodruff and Helen R. Gowman,

the deed was effectual to convey the block known and called "Block Six," and parol testimony would have been admissible to identify block 6 upon the plat and upon the ground. The deed referred to the plat recorded, and described block 6 according to such plat. A subsequent purchaser seeing this deed, which referred him to the plat, upon examination would find no block 6 marked upon it. He would find a number of blocks, subdivided into lots, duly numbered, and the blocks bounded by streets and avenues. From mere inspection he could not locate block 6. Were the plaintiffs bound, in order to be good-faith purchasers, to inquire or make any investigation whatever to ascertain whether the deed to Helen R. Gowman conveyed any of the land which they were purchasing of Mrs. Loranger?

"Constructive notice is a legal inference from established facts, and, when the facts are not controverted, the question is one for the court." *Claflin v. Lenheim*, 66 N. Y. 396.

It is the duty of a purchaser of real estate to investigate the title of his vendor, and to take notice of any adverse rights or equities of third persons which he has the means of discovering, and as to which he is put on inquiry. If he makes all the inquiry which due diligence requires, and still fails to discover the outstanding right, he is excused, but, if he fails to use due diligence, he is chargeable, as a matter of law, with notice of the facts which the inquiry would have disclosed. *Parker v. Conner*, 93 N. Y. 124.

The rule is stated by Selden, J., in *Williamson v. Brown*, 15 N. Y. 354, at page 362, as follows:

"The true doctrine on this subject is that, where a purchaser has knowledge of any fact sufficient to put him on inquiry as to the existence of some right or title in conflict with that he is about to purchase, he is presumed either to have made the inquiry, and ascertained

the extent of such prior right, or to have been guilty of a degree of negligence equally fatal to his claim to be considered as a *bona fide* purchaser."

This rule is supported by numerous authorities in that state, and in our own and other states. *Ellis v. Horrman*, 90 N. Y. 466; *Bank v. Delano*, 48 Id. 326; *Jackson, etc., Railroad Co. v. Davison*, 65 Mich. 437 (37 N. W. Rep. 543); *Roll v. Rea*, 50 N. J. Law, 264 (12 Atl. Rep. 905); *Hosley v. Holmes*, 27 Mich. 416; *Mich. Mut. Life Ins. Co. v. Conant*, 40 Id. 530. The questions in such cases are: *First*, whether the facts were sufficient to put the party on inquiry; and, *second*, did he fail to exercise due diligence in making the inquiry?

We think the facts above stated were sufficient to put the plaintiffs upon inquiry. The record showed that the land they were about to purchase had been platted into blocks and lots. It also showed that Alexander H. Woodruff, through whom their grantor acquired title, had sold a parcel of said land to Helen R. Gowman. This was sufficient to throw upon them the necessity of inquiring as to the extent of her prior right, and where she claimed the particular parcel called for in her deed was located. The first question must be answered in the affirmative, as likewise must the second. Mrs. Gowman was known to the plaintiffs. She was a sister of their grantor, and, if inquiry had been made, it is presumed they would have ascertained the precise facts. At any rate they made no inquiry whatever.

The only reason urged why inquiry was not made is that the description is so uncertain that they were excused from doing so. There are cases where the subsequent purchaser has a right to rely upon the face of the record, and is not bound to make inquiry outside of what the records disclose. Such are errors in recording when the record contains a wrong description of the land conveyed,

or a wrong name of the grantor, or a wrong amount as secured in a mortgage. *Jennings v. Wood*, 20 Ohio, 261; *Terrell v. Andrew Co.*, 44 Mo. 309; *Miller v. Bradford*, 12 Iowa, 14; *Sanger v. Craigue*, 10 Vt. 555. But the rule does not extend to imperfect or indefinite descriptions in the premises conveyed. The question in such cases is whether the record contains sufficient to apprise a party that some right or title is claimed or attempted to be conveyed in the premises, and, if 'it does, the purchaser is bound to use reasonable diligence to ascertain what it is that is so claimed or attempted to be conveyed. *Lewis v. Hinman*, 56 Conn. 55 (13 Atl. Rep. 143); *Patridge v. Smith*, 2 Biss. 183; *Choteau v. Jones*, 11 Ill. 300; *Anderson v. Baughman*, 7 Mich. 69; *Mich. Mut. Life Ins. Co. v. Conant*, 40 Id. 530; *Wiley v. Lovely*, 46 Id. 83 (8 N. W. Rep. 716); *Dwight v. Tyler*, 49 Id. 614 (14 N. W. Rep. 567),— were not cases under the recording laws, but they have a bearing as showing the validity of the Gowman deed; and under the case of *Anderson v. Baughman*, above cited, the record of these deeds would have been notice to subsequent purchasers and incumbrancers. That case has a direct bearing on this. There the description was more uncertain than in this; and it was there held that the mortgage was good, between the parties, without correction, and, the error appearing by construction, the record was notice to all subsequent purchasers and incumbrancers as much as if the error had not occurred.

Reliance is placed by the plaintiffs upon the case of *Stead v. Grosfield*, 67 Mich. 289 (34 N. W. Rep. 871), and it was strongly urged upon us at the hearing that this case is ruled by that. The controversy in that case was over lot No. 9, in block 1, of Joseph Bushey's subdivision of private claim 171, Livernois farm. Both parties claimed through Joseph Bushey, who on February 17, 1873, executed a mortgage to Michael Darmstadter on

lots 9, 13, 14, 15, 16, 17, and 18 of the Bushey plat. No block was mentioned. The plat contained three blocks, numbered 1, 2, and 3, and each block contained a lot numbered 9. This mortgage was duly recorded on the day of its date. On July 2, 1875, Joseph Bushey executed a mortgage to Mary E. Sage covering lot 9, of block 1, of the Bushey plat, which was duly recorded. The plaintiff claimed title through this mortgage, and the defendant claimed title through the mortgage to Darmstadter; and the question was whether the record of this mortgage, which was first recorded, was notice to Sage at the time she acquired her mortgage. This Court held that it was not notice; that, in order to protect herself in making examination of the record, she had only to make search in the records of such conveyances as her mortgagor had given, and those under whom he claimed, and she could not be affected by any adverse claims not appearing in those instruments.

That case is plainly distinguishable from this. Had the Sage mortgage covered the whole plat, she would have known that an attempt had been made to convey by mortgage a portion of the land covered by the plat. But her mortgage only covered a portion of the plat, and lot 9, block 1, did not appear to have been conveyed or mortgaged to any one ; and, as was said in that case, she was not concerned in, and had no occasion to look after, any of the lots or blocks in Bushey's plat, other than the one she received her mortgage upon ; and there was nothing appearing upon the record to challenge her attention to any conveyance to any person from her grantor of any portion of lot 9, block 1. In this case the record did disclose that the person from whom the plaintiff's grantor derived title had conveyed a portion of the land covered by his plat, the whole of which they were about to purchase, to Helen R. Gowman

Here the adverse claim appears of record to some portion, and inquiry would have informed them of what portion.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.