WILLIAM HEINTZ v. JOHN MOORE, Appellant.

**Division One, November 30, 1912.**

**CONTRACT TO CONVEY LAND: No Acknowledgment by Owner: Record: Notice.** A contract of sale of land, with an agreement to convey upon the payment of the stipulated purchase price, acknowledged by the purchaser, but not by the owner, is not as to such owner, entitled to record, and if recorded is not notice to a subsequent purchaser from said owner without actual notice; and a subsequent purchaser, in good faith, without actual notice of the existence of said prior contract, who received a deed from said owner, took the title.

Appeal from St. Louis County Circuit Court.— *Hon. John W. McElhinney,* Judge.

AFFIRMED.

*R. H. Stevens* and *Frank H. Braden* for appellant.

(1)   The trial court erred in finding that the contract offered in evidence is not an agreement by Mrs. Hiett to convey or sell to defendant Moore. In Kelly v. Thuey, 143 Mo. 422, paragraph five, the court says these are three essentials to a contract: First, parties; second, subject-matter; third, the consideration or price. The contract in the case at bar has all three of the essentials. In said agreement is found the following: "I hereby approve the above contract and agree to pay Benjamin F. Thomas a commission of 5 per cent.

Anna E. Hiett.'' The foregoing quotation shows a seller. The testimony shows that the signatures of John Moore and Anna E. Hiett were genuine and signed by them, and the one hundred dollars was paid to Anna E. Hiett. The written instrument construed by all the law of contracts, is a binding contract between John Moore, purchaser, and Anna E. Hiett, seller, especially in the absence of any allegations or proof of fraud on the part of defendant Moore. (2) The trial court erred in finding that the record of the contract was not constructive notice to any person claiming under Mrs. Hiett. R. S. 1909, Secs. 2809, 2810; McClurg v. Phillips, 57 Mo. 214; Parkinson v. Caplinger, 65 Mo. 290. If said contract was a binding contract between Moore and Mrs. Hiett, then defendant Moore had an equitable interest in the land therein described and was legally entitled to acknowledge said instrument and record same, and, when recorded, it imparted constructive notice to plaintiff herein, as provided in said section 2810.

*Stanley D. Pearce* for respondent.

(1) The contract tendered was not of the same legal effect as the contract pleaded; the variance was so material as to amount to a failure of proof by defendant. Burns v. Freling, 98 Mo. App. 271; Faulkner v. Faulkner, 73 Mo. 335; Gray v. Race, 51 Mo. App. 553; Marcum v. Smith, 26 Mo. App. 461; Bagnell v. Railroad, 180 Mo. 466; Baker v. Raley, 18 Mo. App. 566 (2) The instrument in question does not contain the essentials of a contract for the sale of lands as required by the Statute of Frauds. Kelley v. Thuey, 143 Mo. 436; Carrick v. Mincke, 60 Mo. App. 140; Tombs v. Basye, 65 Mo. App. 33; McKeag v. Piednor, 74 Mo. App. 593. (3) No valid contract existing, an attempted ratification or approval by Anna E. Hiett was of no effect. Publishing House v. District, 84

Iowa, 101; Sperry v. Pittsburg, etc. Co., 48 Pac. (Colo.) 315. (4) The requirement of the statute was that the alleged grantor, Hiett, not the grantee, Moore. should haave acknowledged the instrument. R. S. 1899, Sec. 906; R. S. 1909, Sec. 2792; Woods v. Cochrane, 39 Vt. 544; Bank v. Baker, 62 Ill. App. 154; 1 Am. & Eng. Ency. Law (2 Ed.) 507. The instrument, being defectively acknowledged, was not subject to record, and merely spreading it upon the record did not impart constructive notice thereof to respondent. Stevens v. Hampton, 46 Mo. 404; Williams v. Butterfield, 182 Mo. 181; Bank v. Carondelet Co., 150 Mo. 570; Bishop v. Schneider, 46 Mo. 472; Ryan v. Carr, 46 Mo. 483.

GRAVES, P. J.—Plaintiff by his petition seeks to have the court ascertain and determine the title to a small tract of land in St. Louis county, Missouri. Petition is in approved form under old section 650. Plaintiff is the immediate grantee by law from Annie E. Hiett, who is treated throughout as the common source of title.

By answer the defendant admits that the plaintiff was in possession of the property and that he claimed an interest therein. He further set up what he alleged to be a contract of sale between him and Mrs. Hiett, Plaintiff now claims that the contract pleaded by defendant is not the one offered in evidence, and makes the point of a variance. This will meet with disposition in the opinion. Suffice it now to say that whatever be the contract pleaded, the contract relied upon is in evidence, and although rather long had best be set out, in as much as its legal effect is strongly assailed by the plaintiff. The contract reads:

Kirkwood, Mo., March 21, 1908.

Received from John Moore the sum of one hundred dollars earnest money and part purchase money for a certain parcel of improved property, lying in the county of St. Louis, State of Missouri: That tract of ground on the N. E. corner

Geyer and Big Bend Roads, contains about 12 acres, more or less, on which premises is situated House No.........which property is this day sold to........for the total sum of nine thousand........dollars payable as follows:   $1500 cash, $1500 on or before six months, $1000 on or before 12 months, and subject to the deed of trust of $5000 now on the property, with interest on deferred payments to be secured by first deed of trust on said premises.  The title to said property to be perfect and to be conveyed by warranty deed free from liens and encumbrances, except taxes, both general and special for the year 1908, and thereafter, and the hereinbefore noted deed of trust which the undersigned purchaser agrees to pay.

If the title be found imperfect and cannot be perfected within a reasonable time, said purchaser is to be paid the cost of examining the title, not to exceed $25 dollars, and earnest money to be refunded.

The sale under this contract to be closed within 10 days from date on or before April 1st, and if not closed by that time, owing to the failure or neglect of the purchaser to comply with terms herein, the earnest money is to be forfeited to the seller; but for this cause the buyer shall not be released from the fulfillment of his part of this contract, if so determined by the seller.  This contract is subject to the approval of the owner, and also subject to restrictions now on said property.  Sale under this contract, when approved by the owner, to be closed at the office of Benjamin F. Thomas, Kirkwood, Mo.

Accepted under the above terms and conditions.

JOHN H. MOORE.

I hereby approve the above contract and agree to pay Benjamin F. Thomas a commission of 5 per cent.

ANNIE E. HIETT.

This receipt to be returned to this office on closing of purchase.

State of Missouri, } ss.
County of St. Louis. }

On this, 2nd of April, 1908, before me personally appeared John Moore to me known to be the person described in and who executed the foregoing instrument and acknowledged that he executed the same as his free act and deed.

In Testimony Whereof, I have hereunto set my hand and affixed my official seal at my office in St. Louis County, the day and year first above written.

My term expires May 2, 1909.

J. G. HAWKENS,
Notary Public.

This contract was filed for record in the recorder's office of St. Louis county on March 3, 1908, and was duly recorded prior to the conveyance by Mrs. Hiett, to the plaintiff.

By oral proof it is made clearly to appear that Mrs. Hiett alone breached the contract, and that the defendant Moore did all that he could to comply with its terms. The cash payment was tendered. The deed of trust was prepared and tendered. In fact, it is not seriously contended that Moore did not do everything in his power to secure the deed from Mrs. Hiett under this writing, and that she refused.

It should be further noted that the evidence fails to disclose that the plaintiff had actual knowledge of this contract at the time he took the deed.

This succinctly states the issues involved. The learned trial judge, in a written memorandum, thus disposed of the case:

"The contract offered in evidence is not an agreement by Mrs. Hiett to convey or sell to the defendant Moore. It is a receipt from Moore for money paid by himself on a sale of real estate; but it does not appear to whom the property is sold or by whom it is sold.

"According to the claim of the answer, defendant was a purchaser from Mrs. Hiett. The contract was recorded, after acknowledgment by the defendant, Moore. It was never acknowledged by Mrs. Hiett, and the record of it was not constructive notice to any person claiming under her. There is no evidence of actual notice.

"For this reason, at least, the defendants have failed to show any title or interest. Finding and decree for plaintiff, with costs."

From a judgment in accordance with this memorandum opinion, the defendant appeals. Points made will be taken in this order.

I.  It is urged in the briefs here that the instru-
ment relied upon by defendant is totally defective in
substance and form and did not operate to give Moore
any interest in the land.  It is urged that it only pur-
ports to be a receipt from Moore to himself for $100,
and an agreement by him to convey the land described.
It is also urged that the written instrument does not
show an agreement upon the part of Mrs. Hiett to con-
vey the land.  To say the very least of it, the written
instrument relied upon is very awkwardly worded, and
whether it is such as to carry with it any interest or
right is extremely doubtful.  In view of another ques-
tion we need not go into a discussion of the force and
effect of this written instrument.  We have set it out
in full, with the acknowledgment thereto attached
for another purpose, which we discuss next.

II.  The next contention of the plaintiff is that
although it be conceded that the written instrument
upon its face is a good contract between Mrs. Hiett
and Mr. Moore for the conveyance of the land in dis-
pute, yet such contract was never acknowledged by
Mrs. Hiett, and the mere spreading it upon record did
not give notice to the plaintiff.  This contention is
so plainly well taken that we desist from a discussion
of the real force and effect of the written instrument.
It will be observed that the instrument divides itself
into three parts: (1) that which precedes the signa-
ture of John H. Moore, (2) that portion between the
signature of Moore and the signature of Mrs. Hiett,
and (3) a short sentence following the signature of
Mrs. Hiett.  But however these portions may be put
together, and whatever may be its legal effect as be-
tween the parties, when they are put together, it is
clear that the instrument is not acknowledged by Mrs.
Hiett.  If the instrument was intended to affect title to
real estate it must be acknowledged by the grantor or
proposed grantor before it is entitled to record.  This

is not a case of defective acknowledgment, but a case of no acknowledgment at all, so far as the real grantor is concerned. As to Mrs. Hiett the instrument was not entitled to record.

As the instrument was not entitled to record as one affecting the title to real estate, the next question is, does the fact that it was recorded change the situation as to notice to subsequent purchasers from Mrs. Hiett? Stated differently, does the actual record of an instrument not entitled to record make such recorded instrument constructive notice? Under the rulings in this State, we think not. In the late case of Williams v. Butterfield, 182 Mo. l. c. 184, we thus dispose of the point in hand:

"There is but one vital proposition involved in this cause, presented for our consideration. That is this: Was the record of the deed from Bohlcke and wife to Wolfenden, embracing the land in dispute, admissible in evidence in this cause for the purpose of fixing constructive notice upon plaintiff of the sale of the land prior to his (plaintiff's) purchase?

"The record of this deed, as offered in evidence, does not show any certificate of acknowledgment by Henry Bohlcke, the grantor in said deed. Under the statute, it must be conceded that this deed was not entitled to be recorded, by reason of the absence of such acknowledgment. [Sec. 2418, R. S. 1889.]

"It follows from this, if the general rule is applicable to this deed, that in the absence of the certificate of acknowledgment required by the statute, it had no place upon the land records of Stoddard county and if improperly recorded, would not impart constructive notice to a subsequent purchaser in good faith, for a valuable consideration. [Secs. 2419 and 2420, R. S. 1889; Bishop v. Schneider, 46 Mo. 472; Terrell v. Andrew Co., 44 Mo. 309.]"

In that case, as in this, the owner of the land and the purposed grantor in the written instrument had

not acknowledged it. So we say in the case at bar, that it appearing from the evidence that the plaintiff had no actual knowledge of this so called contract, the record thereof gave him no notice, and his purchase in good faith cannot be disturbed. The judgment *nisi* was for the right party, and it is affirmed. All concur.