## WILLIAM VAN SLYCK v. MILO A. SKINNER ET AL.

*Foreclosure—Notice of latent equities—Interlocutory rulings—Costs.*

A deed conveyed land to three partners in the proportion of an undivided half to one and an undivided fourth to each of the others, and added, "this being the proportional undivided interest of each of the above partners in the lumber firm and lands of Milo A. Skinner & Co." The first named grantee mortgaged his undivided half. *Held* that the deed did not necessarily import notice of the rights and interests of others in the portion mortgaged.

The policy of the recording laws requires that where grantees seek to protect latent equities in property deeded to them, the deed must contain an intelligible hint that there are equities which a conveyance of the legal title will not impugn.

Where a defendant has answered after his plea and demurrer have been overruled, the Supreme Court will not review the interlocutory proceeding of overruling them, for the sake of passing upon a trifling question of costs.

Appeal from Branch.    Submitted June 5.    Decided June 17.

FORECLOSURE. Defendants appeal.

*A. J. McGowan* and *Loveridge & Barlow* for com-

plainant. Where the title to premises has been kept separate in a deed conveying them to several parties, a mortgagee of one description has the right to assume, in the absence of notice, that the possession is in accordance with the record title, *Adams v. Bradley,* 12 Mich., 349; the fact that the deed describes the grantees as partners is not notice that the property is partnership land, *Reynolds v. Ruckman,* 35 Mich., 80; one partner can sell or pledge partnership property to pay or secure partnership debts (*Shaw v. McDonald,* 21 Ga., 397; *Mabbett v. White,* 12 N. Y., 442,) notwithstanding the protest of a partner, if there is no fraud, *Graser v. Stellwagen,* 25 N. Y., 315.

*John B. Shipman* and *J. M. Lemmon* for defendants. A partner cannot mortgage partnership property for his individual use, and the lien of a mortgagee with notice that it is partnership property, cannot have priority to the rights of the other partners, *Glynn v. Phetteplace,* 26 Mich., 383; *Sirrine v. Briggs,* 31 Mich., 443; *Topliff v. Vail,* Har. Ch., 340; *Place v. Sweetzer,* 16 Ohio, 142; *Dyer v. Clark,* 5 Met., 562; *Buchan v. Sumner,* 2 Barb. Ch., 165, 175, 198; the mortgagee cannot have a prior lien unless he is in the position of a *bona fide* purchaser without notice, and paying a present consideration, *Hiscock v. Phelps,* 49 N. Y., 97; *Lewis v. Anderson,* 20 Ohio St., 281; *Miller v. Proctor,* id., 442; if he has notice, the partners' lien prevails, as they have the better equity, *Reeves v. Ayers,* 38 Ill., 418; the deed in this case gave the mortgagee sufficient notice, *George v. Kent,* 7 Allen, 16; *Guion v. Knapp,* 6 Paige, 35; *Mason v. Payne,* Walk. Ch., 459; *Norris v. Hill,* 1 Mich., 202; *Fitzhugh v. Barnard,* 12 Mich., 104; *Case v. Erwin,* 18 Mich., 434; *Meily v. Wood,* 10 Amer., 719.

GRAVES, J. This bill was filed to foreclose a mortgage made by defendants Milo A. Skinner and Eliza L., his wife, to complainant, December 21, 1874, on the undi-

vided half of the northwest quarter of section twenty in township seven south of range five west in Branch county.

Robert Smith was originally a defendant, but having died the case was revived and his heirs brought in by stipulation. The bill was taken as confessed, except as against Smith and Giddings. On their part defense has been made, and this appeal from the decree below, in favor of complainant, is made in furtherance of that defense.

For some years prior to 1874, and down to the time of the execution of the mortgage, Skinner, Smith and Giddings were partners carrying on a lumber business, under the firm name of Milo A. Skinner & Co., and during the year first mentioned they purchased of one Grenell the entire quarter section referred to in the mortgage for the purpose of the partnership. The whole consideration was paid by Smith and Giddings, pursuant to the arrangement between the partners, which required them to provide capital for the concern. Smith and Giddings resided in Ohio and Skinner settled here and acted as manager of affairs about the premises in question. Improvements were made on the land, including some furnishings for making lumber. The concern became greatly embarrassed, and at last insolvent. Skinner himself was irresponsible; but Smith and Giddings were individually good, and abundantly able to discharge all the firm debts, and the evidence tends to show they have been paid.

Skinner being pressed by some of the creditors, borrowed in his own name, of complainant, fifteen hundred dollars, and executed this mortgage to secure payment. A portion at least of this money he used immediately in paying demands against the firm. The loan was granted in reliance upon the security of the mortgage, and not on Skinner's personal credit.

When the quarter section in question was acquired it was conveyed by a single deed to " Milo A. Skinner, Fred-

erick S. Giddings and Robert Smith," and pursuant to agreement between the partners this deed expressed that an undivided one-half was granted to Milo A. Skinner, an undivided one-fourth to Frederick S. Giddings, and the remaining undivided one-fourth to Robert Smith, and to this was added: "this being the proportional undivided interest of each of the above partners in the lumber firm and land of Milo A. Skinner & Co."

The defense claims that although Skinner held the legal title of an undivided half, he held it in trust for the firm, and subject to the equitable rights of the partners as representing the creditors of the firm, and which were superior to any individual right of Skinner; that the loan and mortgage did not constitute a firm transaction, but one merely of a personal and individual character on the part of Skinner, and that the mortgaging of the land was a violation of trust, and at least a constructive fraud on their rights; that complainant had knowledge of the facts, or at least notice sufficient to bind him, and that their equities should be satisfied before any benefit is allowed to him under the mortgage, and they contend that their superior claims are much more than the whole value of the interest specified in the mortgage.

The general principles indicated by this defense are not controverted. The question is whether the facts bring the case within them, and assuming that the equities between Skinner, Smith and Giddings were as represented, the material point is whether complainant is or is not to be deemed a mortgagee in good faith and without notice.

The deed from Grenell was on record and Skinner was in possession. There is no evidence of any facts outside of the deed importing notice to complainant of the existence of rights or interests of others in the undivided half mortgaged.

The deed conveyed to Skinner the legal title to that interest, and his possession was consistent with that title and suggested no other, and unless the passage in

the deed relative to the partnership operated as notice, the complainant was not affected by the partnership equities. *Adams v. Bradley*, 12 Mich., 346; *Dawson v. The Danbury Bank*, 15 Mich., 489; *Hull v. Swarthout*, 29 Mich., 249. And we are of opinion that this recital implied nothing inconsistent with the full ownership which the granting terms purported to transfer, and nothing to affect honest purchasers or mortgagees having knowledge of no other fact sufficient to suggest the existence of ulterior rights. 4 Kent's Com., 171, 172; *White v. Carpenter*, 2 Paige, 217, 249; *Wilson v. Wall*, 6 Wall., 83.

The form in which the deed appears was not accidental. It was directed by the grantees, and they might have had it shaped differently. If they were desirous to engraft something to protect any latent equities, it was incumbent upon them to see that the clause was so contrived that third persons might naturally derive from it an intelligible hint, at least, that there were equities beyond the legal title, and which a conveyance of the latter should not impugn. We cannot stop short of this without violating the policy of the recording laws. The recital in question fails to give any such hint. It may have had a sufficient sense as between the grantees, because they were able to read it in the light of facts well known to them but not to others.

Looking at the deed as it stands on the registry and confronts the public, and it must be taken to have conveyed to Skinner a complete mortgageable title to the undivided half, and it would operate as a fraud on complainant to allow the defense to show that the title was, after all, not what it was held out as being by this deed framed under their direction, but was subject to an equitable title in their firm overriding it. *Case v. Erwin*, 18 Mich., 434, is supposed to require a different view. But it is not so. There the deed stated expressly that Catlin and Erwin were part owners. The meaning was plain and positive, and there was no vagueness or incongruity.

It is claimed that the court below erred in over-ruling a plea and demurrer, and that this court ought to consider the propriety of those proceedings for the purpose of a fair adjustment of the costs. The defense did not pause after those rulings and abide by the positions which had been taken. They complied with the orders entered and took advantage of the permission to renew resistance in a different form. They submitted to the decisions and answered, and now join with complainant in the request for a determination of the controversy on the merits. We see nothing to justify a review of those interlocutory proceedings for the mere purpose of finding whether or not a small sum of costs might not be recalled.

We refrain from noticing some curious features in the case to which counsel have not adverted, and the more readily because both sides urge that the litigation be now closed, and on the record as made up, and we have not considered it advisable to go into detail or to expressly refer to topics which do not bear upon the result.

The decree should be affirmed with costs.

The other Justices concurred.