HENRY P. ATWOOD AND THERON W. ATWOOD v. MARTHA E. BEARSS.

*Possession as notice of transfer of land—Recording laws.*

Possession and occupancy of land by a grantee is not sufficient notice to subsequent purchasers to answer the purpose of recording the deed, if it is not open, manifest, unequivocal and apparently by virtue of the unrecorded conveyance.   So *held* where the grantee was the grantor's husband and continued to live on the premises with her.

The design of the recording laws is to prevent fraud in real estate transactions by securing certainty and publicity in such dealings, and purchasers should have their conveyances seasonably recorded.

Error to Tuscola.   Submitted Oct. 5.   Decided Oct. 19.

EJECTMENT.   Defendants bring error.   Affirmed.

*Atwood & Markham* and *C. P. Black* for plaintiff in error.   Open and visible possession of premises is notice of the occupant's rights to an intending purchaser : *Russell v. Sweezey* 22 Mich. 235 ; *Morrison v. Kelly* 22 Ill. 610 ; *Partridge v. McKinney* 10 Cal. 181 ; *Watrous v. Blair* 32 Ia. 63.

*Tarsney & Weadock* for defendant in error.   Actual possession of land is not such constructive notice of the rights of the occupants as will put a purchaser on his guard unless he has actual notice of the possession : *Rood v. Chapin* Walk. Ch. 79 ; *Godfroy v. Disbrow* id. 260 ; *Dunks v. Fuller* 32 Mich. 242 ; Wade on Notice § 273.

GRAVES, J. At the last January term a judgment in this action which had been recently given for defendant in error was affirmed. 45 Mich. 469. The plaintiffs in error then obtained a new trial under the statute and Mrs. Bearss again recovered, and we are now asked by the plaintiffs in error to review that determination.

Only a single point appears for contending that there is any distinction in substance between the present and the former record and we have no occasion at this time to do more than to indicate our opinion on the merits of that point. The plaintiffs in error now claim title through a deed from the judgment debtor, Mrs. Weldon, to her husband, Alfred Weldon, dated April 29th, 1876, but not recorded until the day of the trial; and having given evidence tending to show that he continued on the premises until the conveyance to Mrs. Orr in the fall of 1877, they now insist that his being on the premises was as effectual notice of his title under his wife's deed to him as a valid record of that deed would have been, and hence that defendant in error was not a purchaser in good faith within the meaning of the statute. We cannot accede to this view.

The design of the statute requiring transactions relative to real estate to be recorded, is to prevent fraud by securing certainty and publicity in such dealings, and the first purchaser ought to take care and have his conveyance seasonably recorded. Still if the second grantee has notice of the previous disposition the fundamental purpose is satisfied and his purchase thereafter is infected with bad faith and will not be allowed to prevail against the prior one. The notice to answer this purpose may be express or it may be implied from possession held by the person having the unrecorded deed.

But in order that possession may have this effect and supply the place of registration, it must be open, manifest and unequivocal, and be under the unrecorded conveyance, and not under or referable to some other condition or transaction. Its characteristics must be such as to indicate a right which would be in keeping with the import of the

unrecorded conveyance, and not such as to lead to inference of a right based or dependent on something different. *Woodward v. Sartwell* 129 Mass. 210; *Brown v. Volkening* 64 N. Y. 76; *Page v. Waring* 76 N. Y. 463; *Meehan v. Williams* 48 Penn. St. 241; *McBane v. Wilson* (Cir. Court U. S. W. D. Pa.) 12 Rep. 325. Applying this doctrine to the facts it seems obvious that Weldon's connection with the premises on and after the 29th of April was not adapted to imply that he was in and holding under a deed from his wife or under any title vested in himself. Upon the record the property appeared to be her property and his previous occupancy had been under her ownership and in right of the marital relation and nothing had transpired to suggest that she had made the property over to him. All appearances were to the effect that she retained the title as against him and that his occupancy so far as he did occupy was merely a continuance of the old one which he had previously kept as husband of the owner.

The result is right and the judgment should be affirmed with costs.

The other Justices concurred.