SAGINAW BUILDING & LOAN ASSOCIATION *v.* TENNANT.    111  515
116  646

1. Release— Certificate of Acknowledgment— Impeachment.
   Although a release of land from a mortgage is acknowledged
   in proper form, the certificate may be impeached by clear,
   convincing, and satisfactory proof that it is false and fraud-
   ulent.

2. Mortgages—Liens—Adjustment of Equities.
   A decree giving to one whose mortgage on land has been
   released by a forged instrument a lien for $452.83 as against a
   subsequent mortgagee whose money was expended in put-
   ting a building on such land is justified by evidence that
   the present value of the land without the building is $250,
   that it was more valuable when the mortgage was given, and
   that about $200 had been expended on the building before the
   second mortgage was given.

Appeal from Saginaw; Wilber, J.  Submitted October
21, 1896.  Decided February 2, 1897.

Bill by the Saginaw Building & Loan Association
against William M. Tennant and others to foreclose a
mortgage.  Lillie McBrian was admitted as a defendant,
and complainant appeals from a decree awarding to her a
first lien upon the premises.  Affirmed.

*Wood & Joslin*, for complainant.

*Chauncey H. Gage*, for defendant McBrian.

Moore, J.  This is a proceeding to foreclose a $900
mortgage, made by William M. Tennant to complainant,
which mortgage bears date September 14, 1891, and is on
lot 4, block 31, Saginaw.  Prior to September 14, 1891,
Tennant had given a mortgage for $500 on this lot and
other property to Miss McBrian, the defendant.  The
record in the office of the register of deeds shows that on

September 14, 1891, the lot in controversy was released from the McBrian mortgage. It is claimed that the complainant's mortgage was given for money that was afterwards expended in putting a dwelling upon the lot in controversy. It is the claim of defendant McBrian that she never released lot 4 from her mortgage, and that it should be a prior lien to complainant's mortgage. The case was tried in open court. The circuit judge found that the alleged release was a forgery; that there was due Miss McBrian, on her mortgage, $618.99; and gave her a first lien on the lot in controversy, for $452.83, and required her to pay one-half the costs of foreclosure. From that decree, complainant appeals. The errors relied upon are:

"*First*. The court should have sustained the part release of the McBrian mortgage, and it was error to declare it a forgery.

"*Second*. After finding the release a forgery, the court erred in adjusting the equities of the parties.

"*Third*. The court erred in fixing the McBrian lien at $452.83, instead of the value of the naked lot, which the evidence shows is from $200 to $300.

"*Fourth*. The court erred in refusing to sustain complainant's mortgage as a first lien upon the property, and in refusing to grant a decree accordingly."

The record contains nearly 200 printed pages. The questions involved are purely questions of fact, and it would not profit any one to embody in this opinion the evidence. It is doubtless true in relation to deeds, mortgages, and releases that "all presumptions are in favor of the certificate, and it must be treated with reasonable respect to the improbability of misconduct in a reputable officer, or of forgery which he ought to have discovered if it existed, and the burden of proof is on the party denying it to make out a plain case" (*Hourtienne* v. *Schnoor*, 33 Mich. 274; *Johnson* v. *Van Velsor*, 43 Mich. 219; *Dikeman* v. *Arnold*, 78 Mich. 470); and that a certificate in proper form can be impeached only by clear, convincing, and satisfactory proof that it is false

and fraudulent (*Barker* v. *Avery*, 36 Neb. 599; *Phillips* v. *Bishop*, 35 Neb. 487; *Insurance Co.* v. *Nelson*, 103 U. S. 544; *Russell* v. *Theological Union*, 73 Ill. 337; *Bailey* v. *Landingham*, 53 Iowa, 722; *Smith* v. *Allis*, 52 Wis. 337; *Barrett* v. *Davis*, 104 Mo. 549). The testimony offered by Miss McBrian meets these requirements.

It is urged by complainant that, if the evidence establishes the release to be fraudulent, Miss McBrian should have a lien only to the present value of the vacant lot, and that this value is $250. The witnesses are not agreed as to the exact value of the vacant lot, but they are agreed that it was much more valuable when the mortgage was given than it is now. The record also discloses that something like $200 had been expended on the building put upon the lot before the mortgage to the complainant was given. The circuit judge undertook to adjust the equities between the liens held by defendant McBrian and the complainant. While he found there was due to Miss McBrian $618.99, he gave her a lien on lot 4 for only $452.83. We think this adjustment is fully justified by the evidence.

The decree is affirmed, with costs of this court.

The other Justices concurred.