Schell, Individually and Executrix, Appellant, *v.*
Kneedler et al.

Argued April 20, 1948. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charles M. Bolich,* for appellant.

*Orrin E. Boyle,* with him *Bernard B. Naef,* for appellees.

OPINION BY MR. JUSTICE LINN, May 28, 1948:

The plaintiff, a widow suing in her own right and as executrix of her husband's estate, filed this bill to enforce a secret trust against six defendants: the Bradys (plaintiff's daughter and son-in-law), Kneedler and Grammes,

to whom the Bradys conveyed, and the Arners (husband and wife) to whom Kneedler and Grammes conveyed. Defendants filed preliminary objections. The court sustained them as to all the defendants except the Bradys and directed that the bill be dismissed as against Kneedler, Grammes and the Arners. The plaintiff appeals.

The bill avers that plaintiff and her husband, being the owners of certain real estate in South Whitehall Township, Lehigh County, subject to a mortgage in default, conveyed it in 1935 to the mortgagee, Home Building Association. The residence was occupied by the plaintiffs and the Bradys. Plaintiff paid rent to the new owner. She alleges that they bought it back from the building association in October, 1941, for $4850 but took title in the names of the Bradys "who," in the words of the bill, "were to hold said title in trust for Complainant and her husband and orally agreed so to do." This deed was promptly recorded. On October 23, 1946, the Bradys conveyed the property to Harry O. Kneedler and Lloyd E. Grammes by a deed recorded. On November 6, 1946, they conveyed to the Arners by deed recorded. The plaintiff avers that after the Bradys conveyed to Kneedler and Grammes, but before Kneedler and Grammes conveyed to the Arners, plaintiff advised Kneedler and Grammes and the Arners "that the Bradys had no legal right to convey said premises to anyone but to the complainant and her husband." She also avers that none of the grantees made any inquiry of her concerning her title. She prayed that the Arners be restrained from disposing of or encumbering the premises; that they be conveyed to plaintiff; and for an accounting by Kneedler and Grammes.

Enough appears in the preliminary objections (Rule 48) to require the affirmance of the decree dismissing the bill as to the four defendants.

The deed to the Bradys was recorded and they were in possession; that fact makes it immaterial for present purposes that plaintiff and her husband also lived in the

same house with the Bradys. Neither Kneedler nor Grammes, when they bought from the Bradys, had any knowledge, actual or constructive, of the secret trust; they were bound by the recorded title and could rely on possession by the Bradys. Finding title and possession in one person relieved them from further inquiry on the premises. In *Miners Savings Bank etc. v. Tracy*, 326 Pa. 367, 192 A. 246, at p. 373 we referred to the rule as follows: " 'We said in *Salvation Army, Inc., Trustees, v. Lawson*, 293 Pa. 459, 463: "There can be no doubt whatever of the proposition that where the land is occupied by two persons, as, for instance, by husband and wife, and there is a recorded title in one of them, such joint occupation is not notice of an unrecorded title in the other. . . . The rule is universal that if the possession be consistent with the recorded title, it is no notice of an unrecorded title." Many cases so held, but it is sufficient to refer to *Stewart v. Freeman*, 22 Pa. 120, 123; *Townsend v. Little*, 109 U. S. 504; *Kirby v. Tallmadge*, 160 U. S. 379, 388; *Rankin v. Coar*, 46 N. J. Eq. 566, 22 A. 177. Indeed, this conclusion is but an application of the general principle that, in the absence of proof to the contrary, actual possession is presumed to be in him who has the record title. It would be intolerable to require an intending purchaser or encumbrancer to ask every person living in a property, be they many or few, whether or not he has a better title than the record owner, who is also in possession. This would be to shift the burden of clear proof of notice from him whose neglect to record his deed has caused the trouble, to him who has been guilty of no neglect; and would reverse the rule that the possession of one holding under an unrecorded deed, in order to be effective as against a subsequent purchaser, must be open, notorious, distinct and unequivocal: *Rankin v. Coar*, supra.' See also *Buck's Appeal*, 100 Pa. 109; *Harris v. McIntyre*, 118 Ill. 275, 8 N. E. 182; *Atwood v. Bearss*, 47 Mich. 72, 10 N. W. 112."

*Kinch et ux. v. Fluke et al.,* 311 Pa. 405, 166 A. 905, was referred to during the oral argument. But in that case a different principle applied. Fluke who held the record title was not in possession when he made the mortgages; his mortgagees therefore were bound to inquire of Kinch, who was in possession by articles, or risk the lien of their mortgages. The cases cited by Justice KEPHART on page 408 of the opinion in that case in referring to the duty of inquiry on a purchaser or mortgagee were cases in which possession and record title were not in the same person.

In the circumstances, plaintiff has shown no right to enforce the secret trust against the defendants against whom the bill was dismissed.

Decree affirmed at appellant's costs.