CHEVROLET LOCAL 659, UAW-CIO v.
RELIANCE INSURANCE COMPANIES

1. Appeal and Error — Judgment — Summary — Finality — Court Rule.

A summary judgment adjudicating fewer than all the claims, rights and liabilities of fewer than all the parties is not a final judgment, in the absence of an express determination that there is no just reason for delay and of an express direction for the entry of judgment; consequently, such a judg-. ment, not being final, is not appealable as of rights and an appeal from that judgment can only be obtained upon leave granted (GCR 1963, 518.2).

2. Appeal and Error—Judgment—Finality—Appealability—Jurisdiction.

The Court of Appeals is without jurisdiction to entertain an appeal from a judgment which is not final where no applica-tion for leave to appeal is filed.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 January 7, 1970, at Lansing. (Docket No. 5,960.)   Decided January 26, 1970.

Complaint by Chevrolet Local 659, UAW-CIO, against Reliance Insurance Companies, a Pennsylvania corporation, and The Manhattan Fire and Marine Insurance Company, a New York corporation, to require defendants to represent plaintiff in another lawsuit.   Summary judgment for defendant

References for Points in Headnotes
[1] 4 Am Jur 2d, Appeal and Error § 104.
[2] 4 Am Jur 2d, Appeal and Error § 309.

Reliance Insurance Companies.   Plaintiff appeals.
Appeal dismissed.

*Andrew J. Transue,* for plaintiff.

*Ransom, Ransom, Ransom & Henneke,* for defendant Reliance Insurance Companies.

Before: Levin, P. J., and Holbrook and Bronson, JJ.

Per Curiam.   Plaintiff's complaint against Reliance Insurance Companies was filed July 22, 1966;
Reliance Insurance Companies answered.   Subsequently, upon stipulation of the attorneys for the plaintiff and Reliance Insurance Companies, an order was entered February 27, 1968 adding as a defendant The Manhattan Fire and Marine Insurance Company.   On February 28, 1968, a complaint was filed by plaintiff against The Manhattan Fire and Marine Insurance Company; the added defendant answered.

On March 20, 1968, defendant Reliance Insurance Companies moved for summary judgment which was granted by order dated July 1, 1968, on the ground that the complaint failed to state a claim upon which relief could be granted.

Claim of appeal was filed by plaintiff July 23, 1968.

The summary judgment did not contain "an express determination that there is no just reason for delay and   *   *   *   an express direction for the entry of judgment."   Under GCR 1963, 518.2, in the absence of such determination, a judgment adjudicating fewer than all the claims, rights and liabilities of fewer than all the parties is not a final judgment.   Accordingly, the summary judgment was not appealable as of right; an appeal from such

judgment before the entry of a final judgment disposing of all claims of all parties can only be obtained upon leave granted.  No application for leave to appeal was filed in this case, and this Court is without jurisdiction to entertain this appeal.  See *City of Dearborn* v. *Pulte-Strang, Inc.* (1968), 12 Mich App 161; *Earp* v. *City of Detroit* (1968), 11 Mich App 659; *Hope* v. *Weiss* (1968), 12 Mich App 404.

The appeal is therefore dismissed.  No costs.