PIGOTT v CITY OF WESTLAND

1. JUDGMENT—PARTIAL SUMMARY JUDGMENT—FINAL JUDGMENT.

A partial summary judgment which disposes of something less than a complete cause of action is not a judgment in the strict sense; it is in the nature of a pretrial adjudication much like an order following a pretrial conference which defines the issues subject to trial.

2. JUDGMENT—PARTIAL SUMMARY JUDGMENT—ASSESSMENT ROLLS.

A partial summary judgment which found certain special assessment rolls to be valid and ordered the cause to proceed to trial only upon issues of law and fact based on those special assessment rolls was not final and conclusive nor was it binding on the trial judge.

3. JUDGMENT—PARTIAL SUMMARY JUDGMENT—MODIFICATION—DISCRETION.

The extent to which a trial court chooses to consider the modification of a partial summary judgment is within its discretion, but the trial court erred when it felt that it was powerless to change or modify an order granting partial summary judgment; the court was not bound by res judicata nor was it powerless to effect any modification in the order of partial summary judgment.

Appeal from Wayne, Leo B. Bebeau, J. Submitted Division 1 April 11, 1973, at Detroit. (Docket No. 14693.) Decided June 27, 1973.

Complaint by William Pigott and others against the City of Westland and others in a class action for declaratory judgment, injunction, or other relief from special assessments. Partial summary judgment and judgment of dismissal for defend-

REFERENCES FOR POINTS IN HEADNOTES
[1–3] No references.

ants. Plaintiffs appeal. Reversed and remanded for trial.

*Munger, Ebel, Reagan & Crum, P. C.,* for plaintiffs.

*John J. Nellis,* City Attorney, and *Miller, Canfield, Paddock & Stone* (by *Gilbert E. Gove* and *W. Mack Faison),* for defendants.

Before: BRONSON, P. J., and R. B. BURNS and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Plaintiffs brought this class action seeking injunctive or other appropriate relief from certain 1970 special assessments for street paving, storm drainage and sidewalks in the City of Westland. Plaintiffs challenged the validity and legality of these assessments. From a judgment dismissing their cause of action, and from the prior partial summary judgment, plaintiffs appeal.

The original Special Assessment Roll 1-70, after having been confirmed on April 27, 1970, was found to contain certain errors. In order to rectify these errors, the roll was revised in the following respects: (1) all property which had been erroneously listed as part of the assessment district was removed from the roll; (2) the assessments on all property which had been over assessed were reduced; and (3) a new special assessment roll, designated Special Assessment Roll 1a-70, was created for those parcels of property which had been erroneously excluded or had been under assessed.

The revised roll 1-70 was reconfirmed on Sep-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

tember 14, 1970 and 1a-70 was confirmed on November 2, 1970. The former contained 380 property owners and the latter 30. The smaller group, being composed of owners who were added to the list or whose assessments were raised, was given a public hearing. The owners in the revised roll 1-70, however, were not given this privilege before the roll was reconfirmed, because as it was claimed that there were no increases and actually some decreases in the assessments. The plaintiffs contend, in spite of the fact that they were not generally adversely affected, that another public hearing should have been held because roll 1-70 did contain some increases, that the certificates of both special rolls were irregular upon their face, and that changes were made by the assessor as late as December 22, 1970.

Both sides filed motions praying for a summary judgment. On June 24, 1971, Hon. James N. Canham issued the following partial summary judgment:

"Motions for partial summary judgment and supporting briefs having been filed on behalf of defendant and on behalf of plaintiffs; and the Court having considered the files and records of this cause; and the matter having come on for hearing, and the Court having heard the arguments of counsel and being fully advised in the premises; and the Court having found that Special Assessment Roll 1-70, as reconfirmed on September 14, 1970, and Special Assessment Roll 1a-70 are valid, with full force and effect, it is hereby

"ORDERED, that a partial summary judgment is granted to defendant in accordance with its motion; and that the cause shall proceed to trial only upon such issues of law and fact as may be based on Special Assessment Roll 1-70, as reconfirmed September 14, 1970, and Special Assessment Roll 1a-70."

At the trial, presided over by a different judge,

the plaintiffs were denied the right of introducing any evidence as to their objections to both the original and revised rolls on the theory that Judge Canham had already found the rolls to be final and conclusive and therefore was res judicata. The trial judge indicated that he was bound by the partial summary judgment of Judge Canham and was powerless to change Judge Canham's ruling. We find that the trial court erred reversibly in this respect.

Clearly the concept of "partial summary judgment" is encompassed in GCR 1963, 117. However, as noted in the authors' comment in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 363:

"Rule 117 contemplates two types of partial summary judgment.

"(1) The more obvious situation is where a number of claims or causes of action have been joined, and the motion for summary judgment disposes of one or more, but less than all, of them. This type of summary judgment is a "judgment" in the true sense that it finally disposes of a cause of action. The question of whether the claim thus resolved is appealable or must await disposition of the unadjudicated claims with which it was originally joined is governed by sub-rule 518.2.

"(2) The rule contemplates partial summary judgment of a second type, which disposes of something less than a complete cause of action. This is not a "judgment" in the strict sense and, therefore, is not normally subject to appeal. It is rather in the nature of a pretrial adjudication, much like an order following a pretrial conference, which defines the issues subject to trial."

In the instant case we have a situation which fits into the second of the above-noted subsections. Here we have but a single cause of action and claim; that being that the assessments were illegal

and invalid. The "partial summary judgment" disposed of something less than the complete cause of action.

GCR 1963, 117 is patterned after FR Civ P, 56, a fact recognized by our Supreme Court in *Durant v Stahlin,* 374 Mich 82; 130 NW2d 910 (1964). In interpreting the meaning and effect of FC Civ P, 56, the Court in *Coffman v Federal Lab Inc,* 171 F2d 94, 98 (CA 3, 1948) stated:

"Sub-section (d) simply provides for a method whereby the trial judge with the aid of counsel can point to the controverted issues. It is, moreover, similar to the pretrial procedure provided for in Rule 16 and the matters determined and the issues so framed are not foreclosed in the sense that the judge cannot alter his conclusions. The action of interpreting the orders, therefore, did not become final for the purposes of appeal and it did not have the effect of a final judgment. The court retained full power 'to make one complete adjudication on all aspects of the case and the proper time arrive[d].' That time was when the judgment in the whole proceeding was entered. Therefore, even if we accept the plaintiff's contention as to what was determined by the motion, the court was still free to alter its view as to interpretation of the orders at a later stage of the proceedings. Res judicata was not and is not applicable."

See also *Travelers Indemnity Co v Erickson's Inc,* 396 F2d 134, 136 (CA 5, 1968); *Republic of China v American Express Co,* 190 F2d 334, 339 (CA 2, 1951); 3 Barron & Holtzoff, Federal Practice & Procedure, § 1241, p 190.

Clearly the trial court erred when it felt that it was powerless to change or modify Judge Canham's order granting partial summary judgment. The court was not bound by res judicata nor was it powerless to effect any modification in the order of partial summary judgment. While there is no

doubt that the extent to which the trial court chooses to consider the question of the modification of the partial summary judgment is a question addressed to the trial court's discretion, here, where the trial court was laboring under the misconception that it could not consider the question as a matter of law, we find no other recourse than to reverse and remand for further consideration by the trial court.

The result reached obviates discussion of the other issues raised.[1]

Reversed and remanded for trial on its merits. No costs, a public question being involved.

All concurred.

---

[1] The issue concerning benefits is fully considered by another panel of this Court in the companion cases, *Davis v Westland,* 45 Mich App 497; 206 NW2d 750 (1973).