AMERICAN FEDERAL SAVINGS AND LOAN ASSOCIATION v
ORENSTEIN

OPINION OF THE COURT

1. VENDOR AND PURCHASER—INVESTIGATION OF TITLE—DUTY OF PUR-
CHASER—INQUIRY NOTICE—DUE DILIGENCE.
A purchaser of real estate has the duty to investigate the title of
his vendor and to take notice of any adverse rights or equities
of third parties which he has the means of discovering and as
to which he is put on inquiry; if he fails to inquire with due
diligence he is chargeable, as a matter of law, with notice of
the facts which the inquiry would have disclosed.

2. MORTGAGES—PRIORITIES—SUBORDINATION CLAUSE—AMBIGUITIES—
INQUIRY NOTICE—SUMMARY JUDGMENT.
Summary judgment granting a plaintiff mortgagee priority over
the mortgage of a defendant was improper where the judgment
was based upon a subordination clause in the defendant's
mortgage which was so obviously ambiguous that it should
have put plaintiff on inquiry notice of a third-party interest in
the realty.

CONCURRENCE IN PART, DISSENT IN PART BY W. R. BROWN, J.

3. JUDGMENT—FINAL JUDGMENT—PRIOR ORDERS—APPEAL BY RIGHT—
COURT RULES.
*An otherwise nonfinal judgment is considered to be final only
upon an express determination that there is no just reason for
delay and upon an express direction for the entry of judgment;
upon entry of a final judgment all prior nonfinal rulings and*

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 5, 8] 55 Am Jur 2d, Mortgages §§ 324, 325, 1096–1099.
    66 Am Jur 2d, Records and Recording Laws §§ 102, 104, 105.
[2, 5, 8] 55 Am Jur 2d, Mortgages §§ 343, 344.
[3] 46 Am Jur 2d, Judgments §§ 457, 675.
    47 Am Jur 2d, Judgments § 926.
[4] 55 Am Jur 2d, Mortgages § 99.
[6] 55 Am Jur 2d, Mortgages §§ 328, 345.
[7] 55 Am Jur 2d, Mortgages § 175.

*orders are incorporated into the final judgment and are finalized for purposes of appeal and upon perfection of an appeal by right from a final judgment a party may seek review of any prior ruling in the case affecting the party that would otherwise be only a nonfinal order (GCR 1963, 518.2).*

4. MORTGAGES—DISCHARGE OF MORTGAGE—FORGED INSTRUMENT—
   RIGHTS OF PARTIES.

   *A forged document purporting to be a discharge of a mortgage and duly recorded as such does not affect the rights of one mortgagee over the rights of another mortgagee.*

5. PROPERTY—RECORDING STATUTES—PROPERTY INTERESTS—EXTRINSIC
   EVIDENCE.

   *One important purpose of the recording statutes is to impart certainty so that parties can rely on the public record of outstanding property interests; it is impermissible to resort to extrinsic evidence to determine what property interests are protected by recording, the constructive notice imparted by the record of an instrument being strictly limited to that which is set forth on its face.*

6. MORTGAGES—RECORDING STATUTES—WAIVER OF PRIORITY—CON-
   STRUCTIVE NOTICE—STATUTES.

   *A recorded waiver of priority of a mortgage is constructive notice thereof to all persons dealing with the mortgage (MCLA 565.391; MSA 26.701).*

7. MORTGAGES—SUBORDINATION CLAUSE—AMBIGUITIES—CONSTRUC-
   TION.

   *An ambiguous subordination clause in a recorded mortgage should be construed against the party who drafted the clause.*

8. MORTGAGES—DEFECTS IN TITLE—DISCHARGE OF MORTGAGE—IN-
   QUIRY NOTICE—RELIANCE ON RECORD.

   *A party who has searched the record regarding a particular piece of property and in reliance on a discharge of mortgage contained therein has attained the status of a bona fide mortgagee without notice of defects in the title should not be charged with inquiry notice as to a more subtle defect earlier in time; for purposes of inquiry notice, a mortgagee is fully entitled to rely on an apparently perfect legal title as shown by the records.*

Appeal from Oakland, Robert L. Templin, J. Submitted October 18, 1977, at Detroit. (Docket No. 77-2223.) Decided February 7, 1978. Leave to appeal denied, 402 Mich 945.

Complaint by American Federal Savings and Loan Association against Charles Orenstein and others for foreclosure of a mortgage and for a declaratory judgment that a mortgage held by Orenstein was a nullity. A partial summary judgment was entered declaring plaintiff's mortgage to be senior to defendant's and a subsequent judgment of foreclosure was entered in favor of plaintiff. Defendant appeals. Reversed and remanded.

*Smith, Miro, Hirsch & Brody* (by *David M. Miro* and *Martin C. Weisman*), for plaintiff.

*Schlussel, Lifton, Simon, Rands, Kaufman & Lesinski* (by *T. John Lesinski* and *Joseph F. Galvin*), for defendant.

Before: T. M. BURNS, P. J., and R. B. BURNS and W. R. BROWN,[*] JJ.

R. B. BURNS, J. We concur in the opinion of Judge BROWN, except as to his discussion and resolution of the substantive issue. The reader is referred to Judge BROWN's opinion for the facts in the instant case.

The trial court granted summary judgment because it found the subordination clause unambiguously subordinated Orenstein's mortgage to that of plaintiff. However, each party on appeal has presented reasonable interpretations of the same clause which are at variance with each other. If the clause is interpreted, as plaintiff suggests, as subordinating Orenstein's mortgage not only to the interests of the New York State Teacher's Retirement System and the General Electric Pension Trust, but also to an unspecified, yet-to-be-incurred interest of $4,125,000, then one immedi-

---

[*] Circuit judge, sitting on the Court of Appeals by assignment.

ately encounters an obvious ambiguity. If Oren-
stein's mortgage is subordinate to three interests,
why are only two numerals listed?

Judge Brown's argument that the ambiguity
must be resolved against the drafter of the clause,
Orenstein, rests on the premise that a title
searcher is never chargeable with inquiry notice
when an ambiguity is encountered. This is not the
law.

"It is the duty of a purchaser of real estate to
investigate the title of his vendor, and to take notice of
any adverse rights or equities of third persons which he ·
has the means of discovering, and as to which he is put
on inquiry. If he makes all the inquiry which due
diligence requires, and still fails to discover the out-
standing right, he is excused, but, if he fails to use due
diligence, he is chargeable, as a matter of law, with
notice of the facts which the inquiry would have dis-
closed.

\* \* \*

"The questions in such cases are: *First,* whether the
facts were sufficient to put the party on inquiry; and,
*second,* did he fail to exercise due diligence in making
the inquiry?" *Schweiss v Woodruff,* 73 Mich 473, 477–
478; 41 NW 511, 512–513 (1889). (Emphasis in original.)

Cases in which a title defect would prevent a
diligent title searcher from discovering the deed or
recognizing its applicability must be distinguished
from those in which the deed would have been
discovered and a possible error revealed. *Schweiss
v Woodruff, supra* at 478–479; 41 NW at 513; see,
*e.g., Savidge v Seager,* 175 Mich 47; 140 NW 951
(1913); *Van Slyck v Skinner,* 41 Mich 186; 1 NW
971 (1879). In *Patterson v Miller,* 249 Mich 89, 96;
227 NW 674, 677 (1929), the ambiguity contained ·
in a subordination clause was so subtle that the

Court indicated that a covenant would have had to have been read into the clause to give it the asserted meaning.

The ambiguity in the instant subordination clause was so obvious as to put a prudent person on inquiry notice. Whether plaintiff would have discovered that the Orenstein mortgage would be superior or inferior to its own is a fact which is in dispute. Summary judgment was therefore improper.

Reversed and remanded for trial.

T. M. BURNS, P. J., concurred.

W. R. BROWN, J. *(concurring in part, dissenting in part).* Defendant Orenstein appeals from a partial summary judgment of June 23, 1976, that Orenstein's mortgage was junior to that of plaintiff, and Orenstein appeals from the July 26, 1976, judgment of foreclosure, as well as the June 17, 1977, order making the judgment of foreclosure a final judgment pursuant to GCR 1963, 518.2.

Defendant Orenstein was given a mortgage on the subject property on March 10, 1972, to secure a loan of $1,300,000. The purpose of the loan was to supplement construction funds for the completion of an office building in Southfield, Michigan. Previously, a mortgage had been conveyed to a third party in the amount of $3,025,000 to provide funds for construction of the building, with an agreement for an additional loan of $1,100,000 upon attaining a certain percentage of tenants for the building. The other mortgagee, however, declined to consummate the additional $1,100,000 loan and the building owners eventually sought and obtained the loan from Orenstein in the amount of $1,300,000. Although the agreement was reached on March 10, 1972, the Orenstein

mortgage was not recorded until November 20, 1973. The Orenstein mortgage contained the following emphasized subordination clause which is at the crux of the dispute before us:

"12. This Mortgage and Assignment of Leases and Rentals is subject and subordinate in all respects to the following: (i) The lien of that certain mortgage given by Mortgagor by assignment to the New York State Teacher's Retirement System dated May 21, 1970, recorded at Liber 5508, Page 167, Oakland County Records on May 22, 1970, and all obligations and indebtedness thereof up to the sum of Four Million One Hundred Twenty-Five Thousand and 00/100 Dollars ($4,125,000.00), exclusive of interest; *and all advances, obligations and indebtedness now or hereafter incurred up to the sum of $4,125,000.00, exclusive of interest,* and (ii) The terms and conditions of a land lease from the Trustees of General Electric Pension Trust fee holder granted to Mortgagor from said Trustees executed on May 21, 1970 and recorded on May 22, 1970, in Liber 5508, Page 167, Oakland County Records." (Emphasis added.)

On November 28, 1973, a document purporting to discharge the Orenstein mortgage was recorded. Defendant Orenstein claims that the document is a forgery and for purposes of review of the summary judgment, we will assume this assertion is correct. On April 1, 1974, plaintiff recorded its mortgage securing a loan in the amount of $4,110,-000. It is undisputed that, at that time, plaintiff had no actual knowledge of the existence of the Orenstein mortgage.[1] On December 13, 1974, the Orenstein mortgage was re-recorded.

Plaintiff commenced this action on October 13, 1975, alleging default and requesting that the Orenstein mortgage be declared a nullity and that

---

[1] Plaintiff had obtained title insurance, but because of the discharge, Orenstein's mortgage was not shown as an outstanding interest.

plaintiff's mortgage be foreclosed. Following the filing of counter-complaints and cross-complaints, plaintiff moved for a summary judgment that its mortgage has priority over the Orenstein mortgage based on the above-quoted subordination clause in the Orenstein mortgage. Defendant Orenstein seeks review of the summary judgment as well as the judgment of foreclosure and the confirmation of sale.

## I. APPEAL BY LEAVE OR BY RIGHT

The threshold issue is whether defendant Orenstein has an appeal by right or only by leave. We hold this appeal to be by right. Even the judgment of foreclosure did not resolve all of the claims of all the parties. Thus, like the prior partial summary judgment as to priorities, it is subject to GCR 1963, 518.2. That rule makes an otherwise nonfinal order a final judgment "only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment". Absent such a finding, the judgment is not final. See *Pigott v City of Westland,* 48 Mich App 169, 172–173; 210 NW2d 111 (1973). Thus, the 20-day appeal by right period of GCR 1963, 803.1 did not commence until the entry of the order specifying finality. See *Chevrolet Local 659, UAW-CIO v Reliance Insurance Cos,* 21 Mich App 123, 124–125; 174 NW2d 924 (1970). Upon entry of a final judgment, all prior nonfinal rulings and orders, (including in this case the partial summary judgment as to priorities), are incorporated into the final judgment and are finalized for purposes of appeal. We reject plaintiff's argument that the claim of appeal is defective in not further delineating the nonfinal orders appealed from. Standing alone, the nonfinal orders

are not appealable as of right. *Chevrolet Local 659, supra.* The argument advanced by plaintiffs would result in piecemeal appeals, a result sought to be avoided by GCR 1963, 518.2. See 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 628. See also *Panichella v Pennsylvania R Co,* 252 F2d 452, 455 (CA 3, 1958), *cert den,* 361 US 932; 80 S Ct 370; 4 L Ed 2d 353 (1960). Upon perfection of an appeal by right from a final judgment, a party may seek review of any prior ruling affecting the party that would otherwise be only a nonfinal order.

## II. Priorities of the Mortgages

The majority and I part company as to the substantive issue in this appeal, whether the subordination clause in the Orenstein mortgage gives plaintiff priority. I respectfully dissent.

Absent the subordination clause of Orenstein's mortgage, Orenstein's would have priority over plaintiff's as being the first mortgage recorded for purposes of constructive notice by virtue of MCLA 565.25; MSA 26.543. The forged discharge does not entitle plaintiff to priority. *Ferguson v Glassford,* 68 Mich 36, 47; 35 NW 820 (1888). See also *Saginaw Building & Loan Assoc v Tennant,* 111 Mich 515, 516; 69 NW 1118 (1897), 66 Am Jur 2d, Records and Recording Laws, § 123, p 415, *cf. Horvath v National Mortgage Co,* 238 Mich 354, 360; 213 NW 202 (1927). However, if the subordination clause is read to afford plaintiff priority, Orenstein cannot prevail despite the earlier recorded mortgage. See generally, 59 CJS, Mortgages, § 246, p 315.

Defendant Orenstein argues on appeal that the trial judge should not have granted summary judgment because the subordination clause is ambigu-

ous, thereby leaving fact questions to be resolved by further testimony. While such an argument might be appropriate if this case involved only a contract, we are dealing with constructive notice to the public at large as well as plaintiff. It does great violence to the recording statutes to hold that a party may on the one hand rely on the recording statutes for priority purposes, but on the other hand assert an ambiguity in the recorded document and bring in extrinsic evidence to explain such an ambiguity.

One important purpose of the recording statutes is to impart certainty so that parties can rely on the public record of outstanding property interests. *Atwood v Bearss,* 47 Mich 72, 73; 10 NW 112 (1881). In *Savidge v Seager,* 175 Mich 47, 55; 140 NW 951 (1913), the Michigan Supreme Court indicated that it is impermissible to resort to extrinsic evidence to determine what property interests are protected by recording:

"[T]he constructive notice imparted by the record of an instrument is strictly limited to that which is set forth on its face * * * ."

While *Savidge* was concerned with a property description, the same requirement of certainty should be required of any interest sought to be protected by recording. See also *Van Slyck v Skinner,* 41 Mich 186, 190; 1 NW 971 (1879). Nor should a different rule apply by virtue of the fact that this is a subordination clause. By statute, a recorded waiver of priority of a mortgage is "constructive notice thereof to all persons dealing with the mortgage". MCLA 565.391; MSA 26.701. Even in a case arising prior to the effective date of this statute, the Michigan Supreme Court gave effect to a subordination clause in a recorded mortgage and

held that it should be strictly construed against the party who drafted and recorded the subordination clause. See *Patterson v Miller,* 249 Mich 89, 96–97; 227 NW 674 (1929).

As a matter of constructive notice, the trial court properly considered and resolved the motion for summary judgment as to the priorities. No extrinsic evidence can be submitted to explain the import of a recorded document, *Savidge v Seager, supra,* and the extent of constructive notice by virtue of a recorded document should be regarded as peculiarly one of law for a trial court to resolve from within the four corners of the recorded document. Defendant Orenstein's argument that the clause is ambiguous concedes the point that the clause can be interpreted to afford plaintiff protection; thus, construing the subordination clause against defendant Orenstein, *Patterson v Miller, supra,* plaintiff is entitled to priority.

The inquiry notice on which the majority rests reversal raises entirely separate considerations. While the forged discharge cannot be considered for constructive notice purposes, I believe the majority holding in this case goes too far in failing to give due regard to the forged discharge for purposes of inquiry notice. I have no quarrel with the law quoted from *Schweiss v Woodruff,* 73 Mich 473, 477–478; 41 NW 511, 512–513 (1889). However, where a party such as plaintiff has searched the record and in reliance on a discharge contained therein has attained the status of a bona fide mortgagee without notice of defects in the title, it is incorrect to hold that the mortgagee must be charged with inquiry notice as to a more subtle defect earlier in time. As *Schweiss, supra,* points out, "If he makes all the inquiry which due diligence requires, and still fails to discover the outstanding right, he is excused".

For inquiry notice purposes, a mortgagee is fully entitled to rely on an apparently perfect legal title as shown by the records:

"He will generally be justified in relying on an apparently perfect legal title in his mortgagor, as shown by the records." 59 CJS, Mortgages, § 235, p 305.

*Ferguson v Glassford, supra,* 68 Mich at 46–47, indicates that this is the law in Michigan, stating that parties "have a right to look to the record for protection".

A similar statement of the law is found in 92 CJS, Vendor & Purchaser, § 335, p 250:

"It is the duty of a purchaser of real estate to search the public records with respect to the title he plans to purchase *and he is entitled to rely on the record."* (Emphasis added.)

In light of plaintiff having obtained title insurance following a search of the record, I cannot agree that plaintiff must be charged with inquiry notice as plaintiff might be if the forged discharge had not been filed. *Cf.* 92 CJS, Vendor & Purchaser, § 326, p 238.

Lastly, I dissent from the absence of meaningful instructions to the trial court on remand. The majority holds that plaintiff is chargeable with inquiry notice as a matter of law. The case should then be remanded for entry of judgment against plaintiff, or, trial of the secondary issue as to whether or not Orenstein's attorney had authority to sign and enter the discharge. I cannot agree with the last paragraph of the majority opinion, indicating on the one hand that plaintiff is chargeable with inquiry notice as a matter of law, and on the other hand, indicating that this is a fact question yet to be resolved.